Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
rmills@millsandwoods.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Kashane Kirk, as Personal Representative and on behalf of the Estate of Leontae Kirk; Sharon Roberts, individually; Brittnie Turner, on behalf of and as legal guardian and parent of her minor child, MC,<br><br>Plaintiffs,<br><br>vs.<br><br>City of Phoenix, a governmental entity; Michael Sullivan, Chief of the Phoenix Police Department; Autumn Ladines and John Doe Ladines, husband and wife; Officer Antonio Garza and Jane Doe Garza, husband and wife; Sergeant Eric Roy and Jane Doe Roy, husband and wife; Jaclyn Ravelo and John Doe Ravelo, husband and wife; Steven Ramirez and Jane Doe Ramirez, husband and wife, and; Jonathan Howard and Jane Doe Howard, husband and wife,<br><br>Defendants. | Case No.: CV-23-00836-PHX-MTL (CDB)<br><br>**RULE 26(F) JOINT CASE MANAGEMENT REPORT**<br><br>(Assigned to the Honorable Michael T. Liburdi and referred to the Honorable Camille D. Bibles) |

Through counsel undersigned and pursuant to the Court's Order filed December 18, 2023 (Doc. 34), and the later Order resetting the Case Management Conference, Plaintiffs and Defendants hereby submit their Rule 26(f) Joint Case Management Report as follows:

1. **The parties who attended the Rule 26(f) meeting and assisted in developing the Joint Case Management Report**

Counsel for Plaintiffs Sean A. Woods and counsel for Defendants Kelley Jancaitis and Sarah L. Barnes attended the meeting and assisted in developing the Report.

2. **A list of all parties in the case, including any parent corporations or entities (for recusal purposes)**

Kashane Kirk, as Personal Representative and on behalf of the Estate of Leontae Kirk; Sharon Roberts, individually; and, Brittnie Turner, on behalf of and as legal guardian and parent of her minor child, MC, are the Plaintiffs. City of Phoenix, a governmental entity; Michael Sullivan, Chief of the Phoenix Police Department; Autumn Ladines and John Doe Ladines, husband and wife; Officer Antonio Garza and Jane Doe Garza, husband and wife; Sergeant Eric Roy and Jane Doe Roy, husband and wife; Jaclyn Ravelo and John Doe Ravelo, husband and wife; Steven Ramirez and Jane Doe Ramirez, husband and wife, and; Jonathan Howard and Jane Doe Howard, husband and wife are the Defendants.

3. **Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared**

All parties have been served.

4. **A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings**

Plaintiffs at present do not expect to add additional parties or to further amend its pleadings, but reserves the right to do so as its investigation continues.

Defendants have a pending Motion to Dismiss, so, if it is not granted in full, they will file an answer.

2

5. **The names of any parties not subject to the Court's personal (or *in rem*) jurisdiction**

N/A

6. **A description of the basis for the Court's subject matter jurisdiction … , citing specific jurisdictional statutes**

Plaintiffs are citizens of Arizona, and Defendants are citizens of Arizona. Jurisdiction in this case is based upon 28 U.S.C. §1331 (federal question), as well as 42 U.S.C. 1983 (civil rights) under Federal law, 28 U.S.C. §1367(a), and Article 6, Section 14 of the Arizona Constitution. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

7. **A short statement of the nature of the case (no more than 3 pages), including a description of each claim, defense, and affirmative defense**

**Plaintiff's Statement:**

This case arises out of the unlawful and wrongful use of deadly force by the Phoenix Police Department through the City of Phoenix and the officers listed as defendants. The individual defendants' actions are a direct result of the long standing and sustained practices of the City and the Phoenix Police Department violative of the United States Constitution. On November 2, 2022, the Defendants responded to a call of an "active shooter." Upon arrival, this was not the case. Defendants responded by using excessive and deadly force with no probable cause to do so. Defendants Eric Roy, Autumn Ladines, and Antonio Garza began firing their lethal service weapons at Leontae. Leontae was hit with nineteen (19) firearm rounds and died on scene. Leontae was unarmed at the time he was shot and killed by Defendants. On May 12, 2023, Plaintiffs brought their complaint and on

3

October 25, 2023, Plaintiffs amended their complaint. The Counts remaining in Plaintiffs' First Amended Complaint include:

1. WRONGFUL DEATH AND SURVIVAL ACTION PURSUANT TO A.R.S. § 12-611, *et seq.*, and A.R.S. § 14-3110.

   Leontae Kirk died as a result of Defendants' actions and inactions. Under Arizona law, a wrongful death claim can be brought by surviving statutory beneficiaries. Furthermore, under Arizona law, the estate of a decedent can bring claims under the survival statute for the harms the decedent has suffered.

2. EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983.

   Under the United States Constitution, citizens are guaranteed the right to protection from excessive force. The estate is bringing a claim under 42 U.S.C. § 1983 for excessive force under the Fourth and Fourteenth Amendment.

3. EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983 – Monell – POLICY.

   Under the United States Constitution citizens are guaranteed the right to protection from excessive force. Furthermore, under *Monell v. Dep't of Soc. Servs.,* 436 U.S. 568 (1978) there exists a claim against a public entity for violations of civil rights due to policies in place that are Unconstitutional. The estate is bringing a *Monell* claim under 42 U.S.C. § 1983 for policies adopted by the City of Phoenix that ratify the use excessive force under the Fourth and Fourteenth Amendment.

4. EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983 – Monell – CUSTOM AND PRACTICE.

   Under the United States Constitution citizens are guaranteed the right to protection from excessive force. Furthermore, under *Monell v. Dep't of Soc. Servs.,* 436 U.S. 568 (1978) there exists a claim against a public entity for violations of civil rights due to Patterns, Customs, and Practices in place that are Unconstitutional. The estate is bringing a *Monell* claim under 42 U.S.C. § 1983 for the Patterns, Customs, and Practices adopted

by the City of Phoenix that ratify the use excessive force under the Fourth and Fourteenth Amendment.

5. DUTY AND FAILURE TO INTERVENE.

"[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *Cunningham*, 229 F.3d at 1289 (quotations omitted) (quoting *United States v. Koon*, 34 F.3d 1416, 1447, n.25 (9th Cir. 1994)). "[T]he constitutional right violated by the passive defendant is analytically the same as the right violated by the person who strikes the blows." *Koon*, 34 F.3d at 1447 n.25, *rev'd on other grounds*, 518 U.S. 81 (1996). Officers are liable for a breach of this duty if they had a 'realistic opportunity' to intercede. *Cunningham*, 229 F.3d at 1289-90.

Moreover, liability under § 1983 extends to officers "who perform functions 'integral' to an unlawful search, even if their individual actions do not themselves rise to the level of a constitutional violation." *Bravo v. City of Santa Maria*, 665 F.3d 1076 (9th Cir. 2011). Officers that provide armed backup during an unconstitutional search are integral to that search. *Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004) (each officer involved in the search operation was an integral participant).

Plaintiffs bring this claim due to the failure of responding officers and those who had a clear opportunity and duty to intervene to correct the false information issued over dispatch and prevent the use of deadly force against Leontae Kirk that led to Eric Roy's, Autumn Ladines', and Antonio Garza's firing of their lethal service weapons causing the death of Leontae Kirk.

6. GROSS NEGLIGENCE.

A party is grossly negligent

'if he acts or fails to act when he knows or has reason to know facts which would lead a reasonable person to realize that his conduct not only creates an unreasonable risk of bodily harm to other but also involves a high probability that substantial harm will result.' *Walls v. Ariz. Dept. of Pub. Safety*, 826 P.2d 1217, 1221 (Ariz. App. 1991) (citing *Nichols v. Baker*, 416 P.2d 584, 586 (Ariz. 1996)).

5

*Waller v. City of Nogales*, 4:22-CV-00244-RCC, at *4 (D. Ariz. June 6, 2023).

Plaintiffs bring this claim because the Defendants knew or had reason to know facts that lead a reasonable person to realize that their conduct created an unreasonable risk of bodily harm or that involved a high probability that substantial harm would result and did result in the death of Leontae Kirk.

**7.** BATTERY AND SURVIVAL ACTION PURSUANT TO A.R.S § 12-542, 14-3110.

Plaintiffs bring this claim because Leontae suffered an offensive contact that resulted in his death.

**8.** NEGLIGENT HIRING, SUPERVISION, RETENTION, AND/OR TRAINING.

Plaintiffs bring this claim because they allege that the City of Phoenix and its leadership – including the Chief of Police, Michael Sullivan, failed to train their officers in the use of de-escalation techniques, observation, and the use of excessive and deadly force that led to the death of Leontae Kirk.

**Defendant's Statement**: Defendants have a Motion to Dismiss all claims pending and incorporate it in its entirety with respect to their defenses to Plaintiffs' claims at this point in time. Defendants reserve the right to amend their input in this section to include the specific nature of their defenses and affirmative defenses if any portion of the Motion to Dismiss is denied and they have to answer any of the claims. Defendants further deny Plaintiffs' characterization of the shooting in this case is accurate and deny that Defendants' actions were improper or amounted to constitutional violations in any way.

**8.** **A listing of contemplated motions and a statement of the issues to be decided by those motions**

At present Plaintiff is unaware of the motions it contemplates making in the future. Currently pending is a Motion to Dismiss filed by Defendants on November 3, 2023.

6

Plaintiffs' response was filed November 17, 2023. Defendants' reply was filed December 1, 2023. The Motion remains pending before this Court to determine whether Plaintiffs' pleadings failed to state a claim upon which relief can be granted.

Defendants reserve the right to amend their input on this section depending on the ruling on the pending Motion to Dismiss.

9. **The prospects for settlement, including whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference**

Plaintiffs are not optimistic that a settlement can be easily reached. Prior to initiating this litigation, a Notice of Claim was served on Defendants, but no response was ever received. Though Plaintiff is skeptical a settlement can be easily reached, it does not object to referral to a United States Magistrate Judge for a settlement conference. In all likelihood, however, a private third-party neutral mediation would be beneficial.

Defendants agree that an early settlement conference with a magistrate judge would not likely be fruitful. Defendants agree to consider the possibility of a private, neutral mediation in the future, but they are not in a position at this time to agree to one.

10. **The status of any related cases pending before this or other courts**

N/A

11. **A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information ("ESI"), including the parties' preservation of ESI and the form or forms in which it will be produced**

Plaintiffs plan to make their disclosures electronically via PDF documents and RAW files.

Defendants agree to make their disclosures with searchable PDF documents and/or hard copy documents.

7

This is not a case with complex ESI issues, therefore, an in-depth ESI protocol should not be required.

**12.    A discussion of any issues relating to claims of privilege or work product**

At present there are not yet any issues between the parties relating to claims of privilege or work product.

**13.    A discussion of necessary discovery**

Plaintiffs anticipate that they will seek discovery of many categories of evidence, most of which are currently in the possession of Defendants such as: video footage; personnel records; written or electronic communications including emails, messaging platforms, or otherwise; Defendants' policies and procedures relating to use of force, de-escalation, responding to a potential crime scene, and otherwise; deposition testimony; and, expert witness opinions and testimony. Such discovery is not overly burdensome and is certainly proportional to the needs of this case where Plaintiffs are bringing claims for violations of Constitutional rights and the wrongful death of Leontae Kirk.

As to the number of hours permitted for each deposition, Plaintiff proposes a limit of 7 hours per deposition.  Plaintiff further proposes that the total number of deposition hours for each side be limited to 60 hours.

Defendants anticipate discovery in all relevant areas including depositions of and written discovery requests directed at Plaintiffs, as well as all areas allowable under the Rules. Defendants do not believe at this time that this case warrants any deviation from the parameters of the discovery rules.

8

14. **Proposed deadlines for each of the following events. In proposing deadlines, the parties should keep in mind that civil trials should occur within 18 months of the filing of the complaint.**

*Plaintiffs and Defendants could not agree on dates and therefore the following reflects the proposed dates by each.*

a. **A deadline for the completion of fact discovery, which will also be the deadline for pretrial disclosures pursuant to Rule 26(a)(3). This deadline is the date by which all discovery must be completed**:

**Plaintiffs** propose a deadline of August 31, 2024. **Defendants** propose a deadline of February 28, 2025.

b. **Dates for full and complete expert disclosures and rebuttal expert disclosures, if any**

**Plaintiffs propose the following deadlines regarding expert disclosures**:

Plaintiff to serve complete expert disclosures by August 15, 2024;

Defendants to serve complete expert disclosures by September 15, 2024; and

Parties to serve rebuttal expert disclosures by October 15, 2024.

**Defendants propose the following deadlines regarding expert disclosures**:

Plaintiff to serve complete expert disclosures by September 10, 2024;

Defendants to serve complete expert disclosures by October 28, 2024; and

Parties to serve rebuttal expert disclosures by November 29, 2024.

c. **A deadline for completion of all expert depositions**

**Plaintiffs** propose a deadline of November 11, 2024 for completion of expert depositions. **Defendants** propose a deadline of January 24, 2025 for same.

    **d. A date by which any Rule 35 physical or mental examination will be noticed if such an examination is required by any issues in the case**

N/A.

    **e. A deadline for filing dispositive motions**

The **Plaintiffs** propose a deadline of December 31, 2024 to file dispositive motions. The **Defendants** propose a deadline of March 31, 2025 for same.

    **f. Case-specific deadlines and dates, such as the deadline to file a motion for class certification or a date on which the parties are available for a *Markman* (patent claim construction) hearing**

N/A

    **g. A date by which the parties shall have engaged in face-to-face good faith settlement talks**

The **Plaintiffs** propose a deadline of May 15, 2024 to engage in settlement talks. **Defendants** propose a deadline of August 30, 2024 for same.

    **h. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth the reasons)**

Plaintiffs have requested a jury trial on all triable issues. (*See* Docs. 1, 27.) Defendants agree to a jury trial.

    **i. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1**

N/A

**15. A statement indicating whether the parties would prefer that the Court hold a case management conference before issuing a scheduling order—and, if so, an explanation of why this would be helpful.**

The parties do not believe that holding a case management conference is needed prior to the Court issuing a scheduling order.

10

**RESPECTFULLY SUBMITTED** this 15th day of February 2024.

**MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
　　Robert T. Mills
　　Sean A. Woods
　　5055 North 12th Street, Suite 101
　　Phoenix, AZ 85014
　　*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Sarah L. Barnes
Kelley M. Jancaitis
slb@bowwlaw.com
kel@bowwlaw.com
kmj@bowwlaw.com
mjk@bowwlaw.com
**BROENING OBERG WOODS & WILSON, P.C.**
2800 N Central, 16th Floor
Phoenix, AZ 85004
*Attorney for Defendants City of Phoenix, Sullivan, Ladines, Garza, Roy, Ravelo, Ramirez, and Howard*

　　*/s/ Ben Dangerfield*