SM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kashane Kirk, as personal representative and on behalf of the estate of Leontae Kirk; Sharon Roberts; Brittnie Turner, as legal guardian and parent of her minor child on behalf of M.C.,<br><br>Plaintiffs,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>Defendants. | No. CV-23-00836-PHX-MTL (CDB)<br><br>**ORDER** |

Plaintiffs, who are represented by counsel, brought this civil rights action pursuant to 42 U.S.C. § 1983 and Arizona state law. (Doc. 27.) Plaintiffs' claims arise out of the shooting death of Leontae Kirk ("Leontae") on November 2, 2022. In the First Amended Complaint, Plaintiffs sue the City of Phoenix (the "City"), Phoenix Police Chief Michael Sullivan, and Phoenix Police Officers Autumn Ladines, Antonio Garza, Eric Roy, Jaclyn Ravelo, Steven Ramirez, and Jonathan Howard.[1]  Plaintiffs allege the following claims: a state law wrongful death claim in Count One; a Fourth Amendment excessive force claim against Defendants Garza, Roy, Ladines, Ramirez, Ravelo, and Howard ("Officer Defendants") in Count Two; Fourth and Fourteenth Amendment excessive force custom and policy claims against the City and Defendant Sullivan in Counts Three and Four; a failure-to-intervene claim against the Officer Defendants in Count Five; a state law gross

---

[1] Plaintiffs also sue the Officers' spouses. (Doc. 27 ¶ 22.)

1  negligence claim against all Defendants in Count Six; a state law battery claim against the
2  Defendant Officers in Count Seven; and a state law negligent hiring, supervision, and
3  training claim against the City and Defendant Sullivan in Count Eight. (*Id.* ¶¶ 247–337.)

4  Defendants move to dismiss the First Amended Complaint pursuant to Federal
5  Rules of Civil Procedure 8(d) and 12(b)(6). (Doc. 29.) Defendants argue that Plaintiffs
6  have failed to state a claim in the First Amended Complaint under Rule 12(b)(6) and that
7  the First Amended Complaint does not meet the minimum pleading requirements under
8  Rule 8. (*Id.*) Defendants assert that dismissal, "or at least further amendment," of the
9  complaint is necessary. (*Id.* at 2, 3.) In their response, Plaintiffs ask the Court to deny the
10 Motion to Dismiss, or in the alternative, grant them leave to file an amended complaint to
11 "further refine[]" their claims against Defendants. (Doc. 30 at 2, 16.) In their reply,
12 Defendants do not object to Plaintiffs' request to file an amended complaint. (*See* Doc. 33
13 at 11.)

14 Given the serious nature of Plaintiffs' allegations, and there being no objection from
15 Defendants, the Court will give Plaintiffs 30 days to file a Second Amended Complaint.
16 The Court will deny Defendants' Motion to Dismiss without prejudice and with leave to
17 re-file it if Plaintiffs do not file a timely Second Amended Complaint.

18 **IT IS ORDERED:**

19 (1) The reference to the Magistrate Judge is **withdrawn** as to Defendants'
20 Motion to Dismiss (Doc. 29), and the Motion is **denied without prejudice**.

21 (2) Plaintiffs have **thirty (30) days** from the date this Order is issued to file a
22 Second Amended Complaint.

23 . . . .
24 . . . .
25 . . . .
26 . . . .
27 . . . .
28

(3)     If Plaintiffs do not file a Second Amended Complaint within 30 days, the First Amended Complaint will remain the operative complaint, and Defendants may re-file their Motion to Dismiss the First Amended Complaint within **seven (7) days** of the expiration of the deadline to file the Second Amended Complaint.

Dated this 5th day of September, 2024.

Michael T. Liburdi
United States District Judge