# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kashane Kirk, as personal representative and on behalf of the estate of Leontae Kirk, Sharon Roberts, Brittnie Turner, as legal guardian and parent of her minor child on behalf of M.C., <br><br> Plaintiffs, <br><br> v. <br><br> City of Phoenix, et al., <br><br> Defendants. | No. CV 23-00836 PHX MTL (CDB) <br><br> **ORDER** |

On May 12, 2023, Plaintiffs filed their complaint seeking relief pursuant to 42 U.S.C. § 1983. Defendants were served in late July and early August of 2023. On the date Defendants' answer was due, the parties stipulated for an extension of this deadline to October 20, 2023. (ECF No. 21). On October 20, 2023, Plaintiffs sought additional time for Defendants to answer or otherwise respond to the Complaint, in order to allow Plaintiffs to amend their claims and "obviate the need for Defendants" to file a "planned motion to dismiss." (ECF No. 24). Plaintiffs were allowed until October 25, 2023, to file an amended complaint. (ECF No. 26). Plaintiffs filed the First Amended Complaint on October 25, 2023. (ECF No. 27).

In the First Amended Complaint Plaintiffs allege a state law wrongful death claim (Count One); a Fourth Amendment excessive force claim against Defendants Garza, Roy, Ladines, Ramirez, Ravelo, and Howard ("Officer Defendants") (Count Two); Fourth and Fourteenth Amendment excessive force custom and policy claims against the City and

Defendant Sullivan (Counts Three and Four); a failure-to-intervene claim against the Officer Defendants (Count Five); a state law gross negligence claim against all Defendants (Count Six); a state law battery claim against the Defendant Officers (Count Seven); and a state law negligent hiring, supervision, and training claim against the City and Defendant Sullivan (Count Eight). (ECF Nos. 27 & 53 at 1-2).

On November 3, 2023, Defendants Garza, Howard, Ladines, City of Phoenix, Ramirez, Ravelo, Roy, and Sullivan filed a motion to dismiss the entire First Amended Complaint pursuant to Rules 8(d) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 29). The motion was fully briefed on December 1, 2023. The Court construed the pleadings on the motion to dismiss as follows:

> … Defendants argue that Plaintiffs have failed to state a claim in the First Amended Complaint under Rule 12(b)(6) and that the First Amended Complaint does not meet the minimum pleading requirements under Rule 8. (*Id.*) Defendants assert that dismissal, "or at least further amendment," of the complaint is necessary. (*Id.* at 2, 3.) In their response, Plaintiffs ask the Court to deny the Motion to Dismiss, or in the alternative, grant them leave to file an amended complaint to "further refine[]" their claims against Defendants. (Doc. 30 at 2, 16.) In their reply, Defendants do not object to Plaintiffs' request to file an amended complaint. (*See* Doc. 33 at 11.)

(ECF No. 53 at 2).

A scheduling conference was set for January 23, 2024, which was reset to February 22, 2024. (ECF Nos. 34 & 36). The parties filed a joint Rule 26(f) report on February 15, 2024. (ECF No. 37). A scheduling order issued February 20, 2024, required discovery be completed by December 22, 2024, and dispositive motions be filed no later than March 31, 2025. (ECF No. 39). The parties engaged in discovery.

On August 19, 2024, pursuant to a stipulation of the parties, the Court extended the remaining unexpired deadlines, allowing Plaintiffs until December 16, 2024, to provide expert witness disclosure; allowing Defendants until January 27, 2025, to provide expert witness disclosure; and allowing the parties until April 24, 2025, to complete expert witness depositions. (ECF No. 51). The deadline for completing all discovery was extended to March 24, 2025, and the deadline for filing dispositive motions was extended to June 30,

2025. (*Id.*). Defendants subsequently filed notice of service of responses to requests for discovery and supplemental disclosure. (ECF No. 52).

In an order entered September 5, 2024, Judge Liburdi denied Defendants' motion to dismiss the entire First Amended Complaint, without prejudice, noting Defendants asserted that dismissal "'or at least further amendment'" of the First Amended Complaint was necessary. (ECF No. 53 at 2). The Court noted Plaintiffs had asked to the Court to grant them leave to file an amended complaint to "'further refine[]'" their claims against Defendants. (*Id.*). Because Defendants did not object to Plaintiffs' request to further amend their claims, and given the "serious nature of Plaintiffs' allegations," Judge Liburdi denied the motion to dismiss without prejudice and allowed Defendants leave to refile the motion if Plaintiffs failed to "timely file" a Second Amended Complaint. (*Id.*). Judge Liburdi allowed Plaintiff thirty days from the date his order was entered to file a Second Amended Complaint, and further ordered: "If Plaintiffs do not file a Second Amended Complaint within 30 days, the First Amended Complaint will remain the operative complaint, and Defendants may re-file their Motion to Dismiss the First Amended Complaint within seven (7) days of the expiration of the deadline to file the Second Amended Complaint." (ECF No. 53).

On September 16, 2024, the parties filed a stipulated "Motion to Stay Case Deadlines" (ECF No. 55), asking the Court to "stay the remaining case deadlines based on" Judge Liburdi's order at ECF No. 53.

> The parties are requesting the Court stay all deadlines in this matter while Plaintiffs prepare and file the Second Amended Complaint. Once the Second Amended Complaint is filed, Defendants will then assess whether to re-file a Motion to Dismiss and/or answer the amended Complaint. Moreover, once a Second Amended Complaint is filed, and Defendants have assessed what next steps are appropriate in this matter, the parties will be better situated to determine what deadlines are necessary to prepare this case for trial. Accordingly, the parties will file an amended Joint Report and Proposed Scheduling Order.
> Thus, the Parties stipulate and respectfully request the Court agree to stay the current case deadlines while Plaintiffs prepare a Second Amended Complaint, and vacate any pending matters in this case. After Plaintiffs file

1  a Second Amended Complaint and/or Defendants file an Answer or renew
2  their Motion to Dismiss, the parties will prepare and file an amended Joint
   Report and Proposed Scheduling Order on or before October 31, 2024, which
3  will set forth new deadlines for this matter.

4 (ECF No. 55). The proposed form of order states the Court would be "vacating any

5 currently pending matters in the above captioned case," and "requiring the parties to file

6 an amended Joint Report and Proposed Scheduling order on or before October 31, 2024."

7 (ECF No. 55-1). Although the motion does not explicitly seek to extend the deadlines set

8 by Judge Liburdi for the filing of a second amended complaint, the motion was docketed

9 as a "First Motion to Stay re: 53 Order on Motion to Dismiss for Failure to State a Claim,

10 Case Deadlines." (Docket Entry at ECF No. 55).

11 **IT IS ORDERED that the parties shall comply with the deadlines specified in**
12 **Judge Liburdi's order at ECF No. 53. Those deadlines will not be vacated, stayed, or**
13 **extended**.

14 **IT IS FURTHER ORDERED that** the motion to stay all deadlines in this matter

15 at ECF No. 55 is **denied** without prejudice. Should Plaintiffs decline to file a second

16 amended complaint and Defendants renew their motion to dismiss, or should Plaintiffs file

17 a second amended complaint and Defendants respond to the second amended complaint

18 with a motion to dismiss, any party may re-urge a motion to stay the remaining deadlines

19 for completing discovery and filing dispositive motions.

20 Dated this 17th day of September, 2024.

_____
Camille D. Bibles
United States Magistrate Judge