LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 NORTH CENTRAL, 16TH FLOOR
PHOENIX, AZ 85004
(602) 271-7700
Sarah L. Barnes /Bar No. 020362
Kelley M. Jancaitis /Bar No. 025555
Jeremiah M. Sullivan/Bar No. 038569
E-mail: slb@bowwlaw.com
kel@bowwlaw.com
kmj@bowwlaw.com
mjk@bowwlaw.com
*Attorneys for Defendants City of Phoenix, Sullivan, Ladines, Garza, Roy, Ravelo, Ramirez and Howard*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kashane Kirk, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>City of Phoenix, *et al.*,<br><br>Defendants. | Case No. CV 23-00836-MTL (CDB)<br><br>**MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) & RULE 8(d)**<br><br>**(Oral Argument Requested)** |

Defendants City of Phoenix, Michael Sullivan, in his official capacity, Autumn Ladines, Antonio Garza, Eric Roy, Jaclyn Ravelo, Steven Ramirez, and Jonathan Howard (collectively referred to hereinafter as "Defendants"), by and through counsel undersigned, move the Court: (1) for dismissal of the entire Third Amended Complaint ("TAC") with prejudice, pursuant to Federal Rule of Civil Procedure ("Rule") 8(d); or alternatively, (2) for dismissal of (a) all or portions of Count V (duty and failure to intervene); (b) Plaintiff's claim for punitive damages against Defendants City of Phoenix and Sullivan; (c) all of Plaintiffs' claims (Counts I through VI) premised on the survival statute to the extent they are asserted by Plaintiffs Roberts and Turner, both of whom are not the personal representative of Mr. Kirk's estate; and (d) dismiss Plaintiffs' wrongful death claim (Count

I) to the extent it is asserted by more than one individual pursuant to Rule 12(b)(6).[1] Also, the entire TAC is not dismissed on Rule 8 grounds, Defendants also alternatively request the Court Order that Plaintiff amend to eliminate many if not all of the below identified problematic allegations/statements and lumped together Defendants (*see* Section V, *infra*).

Defendants incorporate both the factual background, overview of the prior deficiencies in Plaintiffs' First Amended Complaint, and legal arguments contained in their prior Motion to Dismiss (Doc. 29) herein by reference. Since filing the prior Motion to Dismiss, the Court granted Plaintiffs request for leave to file an amended complaint to "further refine[]" their claims against Defendants. (Doc. 30, at 16; Doc. 53, at 2.) The Second Amended Complaint was anything but "refined," included approximately six (6) additional pages and 70 new paragraphs of allegations, and it repeated many of the same (and additional) Rule 8 violations contained in the original Complaint and First Amended Complaint. Defendants raised these issues with Plaintiffs, and Plaintiffs filed the TAC.

Despite further amendment, the TAC still fails to address numerous issues. First, Plaintiffs fail to state a viable failure to intervene claim (Count IV). *See* Section III, *infra*. Second, Plaintiffs Roberts and Turner lack standing to assert a claim under the survival statute because any claims raised under the statute must be brought by Mr. Kirk's personal representative. *See* Section I, *infra*. Third, only one Plaintiff may maintain a wrongful death claim. *See* Section II, *infra*. Fourth, Plaintiffs punitive damages claim is barred to the extend such damages are sought against Defendants City of Phoenix and Sullivan, sued in

---

[1] Through counsel's signature below, Defendants certify in accordance with LR Civ. 12.1(c) that, before filing this Motion, Defendants' counsel notified Plaintiffs' counsel in writing of the issues to be asserted, as well as attempted to have a telephone meet and confer about the matters asserted herein; Plaintiffs' counsel only responded in part with respect to some of the issues raised with the Second Amended Complaint, by filing the TAC. However, Plaintiffs' counsel did not respond to the additional written communications about the issues Defendants believe still remain TAC. Defendants' position is that the TAC (along with prior amendment and prior voluntary dismissal of three of the Phoenix Defendants) cured some issues raised with Plaintiffs, however, the TAC does not address all of the issues previously communicated to Plaintiff's counsel; it is those remaining issues that are raised in this Motion.

his official capacity only. *See* Section IV, *infra* Finally, the TAC still runs squarely afoul of Rule 8, which provides alternative grounds for a complete dismissal. *See* Section V, *infra*. For all of these reasons, Plaintiffs' TAC should be dismissed in its entirety, with prejudice, or, in the alternative dismissed in part for the first through fourth reasons summarized above.

This Motion is supported by the attached Memorandum of Points and Authorities and the Court's record.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I. PLAINTIFFS SHARON ROBERTS AND BRITTNIE TURNER LACK STANDING TO MAINTAIN CLAIMS ON MR. KIRK'S BEHALF**

Because Mr. Kirk is deceased, the state-law claims alleging personal injuries arise under the survival statute, A.R.S. § 14-3110, whose purpose is to prevent liability from ceasing upon the injured person's death. *Barragan v. Superior Court*, 12 Ariz. App. 402, 404, 470 P.2d 722, 724 (1970) (holding that a claim under the survival statute permits recovery for "the wrong to the injured person"); *Harleysville Mut. Ins. Co. v. Lea*, 2 Ariz. App. 538, 540, 410 P.2d 495, 497 (1966) (recognizing that actions for torts causing injuries that are strictly personal do not survive death under common law). Again, "[u]nder Arizona law, a claim under the survival statute may be brought only by a decedent's estate." *Manion v. Ameri-Can Freight Sys. Inc.*, 391 F. Supp. 3d 888, 891–92 (D. Ariz. 2019) (quoting *Gotbaum v. City of Phoenix*, 617 F. Supp. 2d 878, 883 (D. Ariz. 2008)).

Here, only the personal representative, Plaintiff Kashane Kirk, may maintain claims on Mr. Kirk's behalf; this includes claims —except for the wrongful death claim—alleged in Counts II through VIII. *See Andrich v. Kostas*, 470 F. Supp. 3d 1048, 1059-60 (D. Ariz. 2020) (recognizing that non-personal representative plaintiffs lacked standing to maintain § 1983 claims premised on the violation of an individual's constitutional right), *aff'd,* 22-16226, 2023 WL 6157407 (9th Cir. Sept. 21, 2023).

## II. SIMILARLY ONLY ONE PLAINTIFF MAY PURSUE THE WRONGFUL DEATH CLAIM AGAINST DEFENDANTS

"In Arizona, there can only be one plaintiff in a wrongful death action." *Manion v. Ameri-Can Freight Sys. Inc.*, 391 F. Supp. 3d 888, 895 (D. Ariz. 2019) (citing *Wilmot v. Wilmot*, 203 Ariz. 565, 58 P.3d 507, 511 (2002) ("The text of the wrongful death statute contemplates that claims by all statutory beneficiaries be consolidated in a single action.")); "[T]he statutory plaintiff represents all other beneficiaries who have a 'legal right . . . to be compensated for their loss resulting from the victim's death.'" *Wilmot*, 58 P.3d at 511 (citation and emphasis omitted). In such a case, "there is 'one judgment, the proceeds of which are held by the statutory plaintiff as trustee for the persons on whose behalf the suit was brought.'" *Id.* (quoting *Nunez v. Nunez*, 25 Ariz.App. 558, 545 P.2d 69, 73 (1976)).

Here, Kashane Kirk, Sharon Roberts and Brittnie Turner, on behalf of her minor child, MC, cannot all maintain the wrongful death claim; only one of them can maintain the wrongful death claim. And because Kashane Kirk, as personal representative, is the only individual who can pursue the non-wrongful death claims (*see* Section I, *supra*), Defendants suggest the Court dismiss Plaintiffs Roberts and Turner, which would leave Kashane Kirk as the sole Plaintiff in this lawsuit.

## III. PLAINTIFFS FAIL TO STATE A VIABLE CLAIM FOR FAILURE TO INTERVENE BECAUSE THE DEFENDANT POLICE OFFICERS HAD NO REASONABLE OPPORTUNITY TO INTERVENE

In Count IV of the TAC, Plaintiffs allege that Defendants Roy, Ladines, Garza, Ravelo, Ramirez and Howard all had a duty to prevent fellow law enforcement officers from violating Mr. Kirk's constitutional rights and each violated that duty when they failed to intervene. (Doc. 63 ¶¶ 354–59.) As argued above, Plaintiffs Roberts and Turner lack standing to assert this claim against Defendants because the alleged injury is personal to Mr. Kirk. *See infra*, Section I. Even if the Court disregarded this issue, the TAC fails to assert a cognizable failure to intervene claim against these Defendants.

"[P]olice officers have a duty to intercede when their fellow officers violate the

1  constitutional rights of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271,
2  1289-90 (9th Cir. 2000) (citing *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir.
3  1994), *rev'd on other grounds*, 518 U.S. 81 (1996)). "If an officer fails to intervene when
4  fellow officers use excessive force, despite not acting to apply the force, he would be
5  responsible for violating the Fourth Amendment." *Andrich v. Kostas*, 470 F. Supp. 3d 1048,
6  1060 (D. Ariz. 2020), *aff'd,* 22-16226, 2023 WL 6157407 (9th Cir. Sept. 21, 2023) (quoting
7  *Garlick v. Cty. of Kern*, 167 F. Supp. 3d 1117, 1161 (E.D. Cal. 2016)). "Importantly,
8  however, officers can be held liable for failing to intercede ***only if they had an opportunity***
9  ***to intercede***." *Cunningham*, 229 F.3d at 1289 (emphasis added in part); *see generally Ting*
10 *v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991) (holding that "the agents were
11 positioned around the room away from [the other officers and the plaintiff] and were thus
12 physically incapable of preventing the incidents surrounding the shooting, all of which
13 transpired in a matter of seconds."). In fact, non-shooting and non-present officers cannot
14 be said to be liable for failing to intercede to prevent an individual from being shot by other
15 officers when they were "not present at the time of the shootings" and/or lacked a "realistic
16 opportunity" to intervene. *Cunningham*, 229 F.3d at 1290; *see also Gaudreault v.*
17 *Municipality of Salem*, 923 F.2d 203, 207 n.3 (1st Cir. 1990) (granting arresting officers'
18 motion for summary judgment because the officers had no "realistic opportunity" to
19 prevent an attack committed by another officer); *Bruner v. Dunaway*, 684 F.2d 422, 426-
20 27 (6th Cir. 1982) (holding that officers who were not present at the time of the alleged
21 assault could not be held liable in a section 1983 action).

22  In *Andrich,* this Court granted a motion to dismiss a failure to intervene claim
23 alleged in a second amended complaint because those officers had no "opportunity to stop"
24 the other officers from shooting the decedent. *Andrich*, 470 F. Supp. 3d at 1060-61. This
25 Court reasoned that the complaint failed to allege facts regarding physical proximity to the
26 shooting officer, and further recognized that even where an officer escalates a situation

through non-lethal force (fist strikes and taser), "such escalation doesn't show that he had the opportunity to intervene with respect to [the shooting officer's] subsequent decision to shoot" the decedent. *Id.* at 1061. Likewise, in *Waller v. City of Nogales*, this Court denied leave to amend a failure to intervene claim to include officers who were merely present at the scene where a suspect was shot by police. 4:22-CV-00244-RCC, 2023 WL 3863655, at *1 (D. Ariz. June 7, 2023). The Court concluded that it was "unlikely that these additional officers had a realistic opportunity to intercede on [the decedent's] behalf." *Id.* at *7. The Court rejected plaintiff's argument that the additional officers were in the vicinity and equipped with radios that allowed communication with the shooting officers because they did not act "in a supervisory role." *Id.*

Here, Plaintiffs maintain that "Phoenix Defendants"[2] failed to take an "affirmative step to intervene to protect" Mr. Kirk. (Doc. 63, ¶ 357.) Nonetheless, the TAC fails to allege any facts explaining how non-shooting and non-present officers such as Defendants Ravelo, Ramirez, and Howard could have intervened. In fact, there are no well-pleaded allegations of timing, proximity, or these officer's reasonable opportunity to intervene. While Plaintiff does allege Defendants Howard and Ramirez "could have relayed updated information (Doc 63, at 118), this allegation alone does not explain, and certainly not credibly, how two officers, who were flying a helicopter above the scene, could have intervened to stop another officer hundreds of feet below them from firing their service weapons. Likewise, the mere fact that Defendant Ravelo, a non-shooting officer, was present at the scene is insufficient to maintain a failure to intervene claim. The TAC contains insufficient information to show that Defendant Ravelo was close enough in proximity to prevent the other officers' utilization (or attempted utilization) of lethal force. As plead in the TAC, these "non-shooting" and "non-present" officers had no "realistic

---

[2] As argued below, identifying a group of individuals, such as "Phoenix Defendants" without identifying the specific conduct an individual engaged in fails to comply with Rule 8's pleading standard. *See* Section V, *infra.*

- 6 -

opportunity" to intervene, and Plaintiffs fail to state that claim against them under Count IV.

The TAC also fails to allege sufficient facts to support a failure to intervene claim against Defendants Roy, Garza, and Ladines, the officers who fired their weapons. As to them, Plaintiffs must have plead sufficient facts to indicate how Defendants Roy, Garza, and Ladines failed to intervene to prevent each other's use of excessive force, and facts to establish, in the form of timing and proximity, that they had a meaningful opportunity to intervene. But such facts are lacking in the TAC. The TAC fails to allege that any of these three Defendants specifically failed to intervene to prevent one or both of the other two from shooting Mr. Kirk, nor does it contain the essential facts to establish timing or proximity such that Defendants Roy, Garza or Ladines could have intervened. In fact, the only allegation alleged under the failure to intervene claim against these Defendants is that "Phoenix Defendants" failed to "make any affirmative step to intervene." (Doc. 63, ¶ 357.) For these reasons, Plaintiffs also fail to state a viable failure to intervene claim against Defendants Roy, Garza and Ladines.

### IV. PLAINTIFFS CANNOT SEEK PUNITIVE DAMAGES AGAINST DEFENDANTS CITY OF PHOENIX AND SULLIVAN

Plaintiffs' "Prayer for Relief" seeks "punitive and exemplary damages against Defendants." (Doc. 63, at 48.) Punitive damages are expressly prohibited against the City of Phoenix, and Chief Sullivan, who is sued in his official capacity. For state law claims, "[n]either a public entity nor a public employee acting within the scope of his employment is liable for punitive or exemplary damages." A.R.S. § 12-820.04. For section 1983 claims, punitive damages are not available against "local governing bodies…." *Prison Legal News v. Babeu*, 933 F. Supp. 2d 1188, 1214 (D. Ariz. 2013). Moreover, "[a] suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself[,]" and thus, punitive damages are not available against individuals sued in

their official capacity. *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir.1991)). Accordingly, Plaintiffs fail to state a viable claim for punitive damages against Defendants City of Phoenix and Sullivan.

**V.    DESPITE MULTIPLE EFFORTS TO AMEND, THE THIRD AMENDED COMPLAINT STILL VIOLATES RULE 8**

Federal Rule of Civil Procedure 8 outlines the requirements that are necessary for the allegations raised in a complaint to be procedurally sufficient. Fed. R. Civ. P. 8(d). This Rule requires each allegation in a complaint be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)." *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996); *see also Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir.1969) (holding that dismissal for failure to comply with Rule 8 may even be *sua sponte*). Additionally, failure to make a pleading "simple, concise, and direct" may result in dismissal with prejudice. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673–74 (9th Cir. 1981).

In *Schmidt v. Herrman*, the Ninth Circuit affirmed the district court's decision to dismiss a second amended complaint with prejudice because the pleading was "confusing, distracting, ambiguous, and unintelligible." 614 F.2d at 1224. Similarly, in *McHenry,* the Ninth Circuit held that the district court did not abuse its discretion in dismissing a plaintiff's third amended complaint with prejudice for violation of both general pleading rules and the court's prior orders requiring a short, clear statement of claims sufficient to allow defendants to prepare their responsive pleading. *Id.* (quoting *Schmidt*, 614 F.2d at 1223).

Here, the TAC, like its predecessors, fails to meet the requirements of Rule 8 for numerous reasons. First, as highlighted in the arguments above, the TAC does not allege short and clear statements that allow each Defendant to prepare their respective responsive pleading. First, the TAC contains a voluminous number of conclusory, argumentative,

speculative, irrelevant and/or duplicative allegations (duplicative allegations in bold and duplicative/otherwise improper in bold and italics). (*See*, *e.g.*, Doc. 63, ¶¶ 30, 34-35, 37, **100, 102**, 110, *114-18*, **122**, 123-24, 130, 132-**33**, *135-54*, **162**, **164**, 171, 179-180, *184*, 186-87, 191-192, 209, **211-12**, *214*, **224**, 228, *230*, 232, 234, **245**, **247-48**, *256*, *263*, *282*, *286*, *291*, *293*, *300*, *303*.)[3] Specifically, to highlight just a few examples of these improper allegations:

- Paragraph 34 alleges that the USDOJ investigated the Phoenix Police Department "due to their violent, racially-motivated tactics."
- Paragraph 37: "It is an institutional problem and the City, the Police, and the Phoenix Defendants are all actors in the shameful display of policing and failure to take accountability, including misconduct complaint intake, investigation, review, disposition, and discipline that has occurred throughout the years – culminating in the horrific, violent, take no prisoners approach the Officers used on November 2, 2022 to murder Leontae Kirk."
- Paragraph 115: "Because of The Helicopter Officers' complete dereliction of their duties, they doomed Leontae to death by police."
- Paragraph 117: "The Helicopter Officers kicked off the fracas through their complete ineptitude…."
- Paragraph 124: "This is why it is of dire importance to have officers on foot verify information before charging in with their guns blazing."
- Paragraph 180: "The scene was wildly busy."
- Paragraph 186: "It appears that Roy was not upset by his actions."
    - Amended from original Complaint, which stated "Roy was not upset by his actions."

---

[3] The cited paragraphs are just a few examples of such allegations in the TAC. A full review of the TAC reveals numerous allegations that run afoul of Rule 8.

- Paragraph 187: "In fact, on his body cam footage it shows that he was bouncing around gleefully following his participation in the killing of Leontae."
- Paragraph 230 – "Ladines and Ravelo quickly concocted a story that Leontae's gun was underneath him as they clearly could not see a weapon."
- Paragraph 291 – "The City and Phoenix Defendants knew that Leontae had not fired his weapon."
- Paragraph 293 – "The City, Sullivan, and the Phoenix Defendants deliberately lied to the public in an attempt to save face knowing full well that they had wrongfully killed Leontae."
- Paragraph 300 – "This is a total and complete fabrication."

Second, the TAC, from Introduction to the Prayer for Relief, fails to state the requisite "simple, concise, and direct" allegations, as required by Rule 8. In fact, the TAC is now much longer than the prior versions of the complaint and is nearly 400 paragraphs and 48 pages long. In other words, the TAC is anything but a further refined version of the original Complaint, the First Amended Complaint or the Second Amended Complaint. Admittedly, a single or a few improper allegations would not give rise to concern and could certainly be overlooked by Defendants; however, the overwhelming number of argumentative, conclusory, irrelevant and duplicative allegations makes answering Plaintiffs' TAC at a minimum unduly burdensome, if not downright impossible in many respects.

Third and finally, the TAC improperly lumps all Defendants into one group, namely in the failure to intervene claim (Count IV), but also in some of the other claims, without identifying the specific conduct by a specific individual. For example, the failure to intervene claim is alleged against "Phoenix Defendants," without identifying the specific conduct by each individual Defendant, and in what context, that serves as the basis for the claim. The below passage from the Court in a Southern District of California case, is

instructive on this issue:

> However, on the remaining causes of action, Plaintiff lumps the conduct of each defendant as "Defendants." ***However, lumping multiple named defendant by alleging "Defendants" without attributing how each Defendant was involved in the causes of action fails to comply with Rule 8.*** *See Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (lumping together multiple defendants in one broad allegation fails to satisfy notice requirement of Federal Rule of Civil Procedure 8(a)(2)); *Hernandez v. City of Farmersville*, No. CV F 09–2125 LJO GSA, 2010 WL 761202, at *5 (E.D. Cal. Mar. 3, 2010) (dismissing complaint because it lumps three individual officer defendants as "officers" without attributing separate acts, wrongs or omissions to each of them respectively); *Sibrian v. San Bernardino Cnty*, Case No. 2:09-cv-08014-JHN-DTBx 2010 WL 1147465, at *4 (C.D. Cal. July 21, 2010) (improperly lumping all Defendants together into an illegal entry cause of action, and baldly asserts that the entry was "without a valid warrant"); *see also Corazon v. Aurora Loan Servs., LLC*, No. 11–00542 SC, 2011 WL 1740099, at *4 (N.D. Cal. May 5, 2011) ("Aurora should not be required to guess which allegations pertain to it. By failing to differentiate among defendants or specify which defendant is the subject of Plaintiff's various allegations, Plaintiff's Complaint violates Rule 8(a)(2) because it fails to provide Aurora with fair notice of its alleged misconduct.").

*Mora v. City of Chula Vista*, 20-CV779-GPC, 2021 WL 1165054, at *3 (S.D. Cal. Mar. 26, 2021) (emphasis added). Plaintiffs' decision to opt for general allegations against "Phoenix Defendants" or "Defendants" (or even "Phoenix Officers") as opposed to specific allegations against "Defendant X" places Defendants in the untenable position of resorting to guesswork to address the allegations against them and also the unduly burdensome task of having to respond to allegations that are not, or at least appear not to be, directed at that particular Defendant.

As with the other arguments above, Defendants have already raised these issues with Plaintiffs' counsel on numerous occasions, as well as in their prior Motion to Dismiss, and, while it was believed these issues or at least a large number of them might be cured when Plaintiffs amended each time, but certainly this last two times, they were in large

1 part not cured, as detailed above. Because of these repeated opportunities to amend, but still failing to cure what truly would have been fairly easy to cure, Plaintiffs should not receive any further opportunities to cure their defective pleading. *See generally Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671 (9th Cir. 1981) (upholding the district court's dismissal with prejudice under Rule 8 when the original complaint was 48 pages long, verbose, confusing, and almost entirely conclusory, and the amended complaint was equally as verbose, confusion, and conclusory). Allowing yet another opportunity to amend in light of the multiple prior chances to cure these issues, should be rejected. Dismissal of the TAC, with prejudice, is warranted.

## VI. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' Amended Complaint in its entirety, with prejudice, pursuant to Rule 8, or, alternatively: (1) dismiss Plaintiffs' duty and failure to intervene claim (Count IV); (2) dismiss Plaintiffs' punitive damages claim against Defendants City of Phoenix and Sullivan; (3) dismiss all of Plaintiffs' claims (Counts I through IV) to the extent they are premised on the survival statute and asserted by Plaintiffs Roberts and Turner, both of whom are not the personal representative of Mr. Kirk's estate; and (4) dismiss Plaintiffs wrongful death claim (Count I) to the extent it is asserted by more than one individual. Further, if the Court is not inclined to dismiss entirely on Rule 8 grounds, Defendants also alternatively request the Court Order that Plaintiff amend one final time to eliminate many if not all of the above identified conclusory, argumentative and/or duplicative allegations/statements, along with amending to dismiss the claims/parties and relief as set forth in (1)-(4) directly above.

Finally, Defendants request they be granted leave to submit a fee request to recover their reasonable fees related to this Motion to Dismiss, to the extent that it is granted in any part.

RESPECTFULLY SUBMITTED this 22nd day of November, 2024.

BROENING OBERG WOODS & WILSON, P.C.

By: /s/ *Jeremiah M. Sullivan*
Sarah L. Barnes
Kelley M. Jancaitis
Jeremiah M. Sullivan
*Attorneys for Defendants City of Phoenix, Sullivan, Ladines, Garza, Roy, Ravelo, Ramirez and Howard.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2024, I electronically transmitted the foregoing with the Clerk of the Court using the CM/ECF system for filing, with copies submitted electronically to the following recipients:

Sean A. Woods
Robert T. Mills
MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
*Attorneys for Plaintiffs*

/s/ *Suzanne Beard*