LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 NORTH CENTRAL, 16TH FLOOR
PHOENIX, AZ 85004
(602) 271-7700
Sarah L. Barnes /Bar No. 020362
Kelley M. Jancaitis /Bar No. 025555
Jeremiah M. Sullivan /Bar No. 038569
E-mail: slb@bowwlaw.com
       kel@bowwlaw.com
       kmj@bowwlaw.com
       szb@bowwlaw.com
*Attorneys for Defendants City of Phoenix, Sullivan, Ladines, Garza, Roy, Makic, Ravelo, Ramirez, Howard, Traylor, and Reddy*

# IN THE UNITED STATES DISTICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kashane Kirk, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> City of Phoenix, *et al.*, <br><br> Defendants. | Case No. CV 23-00836-MTL (CDB) <br><br> **STIPULATION TO EXTEND REMAINING DEADLINES** <br><br> **Third Request** <br><br> **(Expedited Consideration Requested)** |

Plaintiffs Kashane Kirk, Sharon Roberts, and Brittnie Turner (collectively referred to hereinafter as "Plaintiffs"), and Defendants City of Phoenix, Phoenix Police Department, Chief Michael Sullivan, Officer Autumn Ladines, Officer Antonio Garza, Sergeant Eric Roy, Officer Jaclyn Ravelo, Officer Steven Ramirez, and Sergeant Jonathan Howard, (collectively referred to hereinafter as "Defendants"), by and through counsel undersigned respectfully stipulate and request the Court amend the current Scheduling Order (Doc. 39), as first amended by the Court's Order, dated August 19, 2024 (Doc.51), and as later amended by the Court's Order dated December 2, 2024 (Doc. 66), to extend the remaining

1  deadlines by two (2) months. This Stipulated Motion is the parties third request to extend
2  the remaining case deadlines, and it is made in good faith and not for purposes of delay.

3        The parties request an extension of two (2) months for the remaining deadlines for
4  several reasons. Despite due diligence, counsel for the parties have not had adequate time
5  to complete discovery and depositions in this case, although they have exchanged
6  disclosures, engaged in some discovery, and scheduled and conducted some depositions.
7  Moreover, Defendants filed a renewed Motion to Dismiss on November 22, 2024 (Doc.
8  64), which seeks to dismiss all claims in the case pursuant to Rule 8 in addition to dismissal
9  of specific claims pursuant to Rule 12. The parties anticipate that the Court's ruling on this
10 Motion will allow them to more adequately determine the necessary scope of discovery in
11 this matter, including determining what additional records, depositions, and expert
12 testimony might be needed for the parties to further prepare their respective cases.

13       Additionally, counsel for the parties also anticipate that once they know which
14 claims, if any, will survive the Motion to Dismiss, they will be better equipped to evaluate
15 and report on potential settlement, or other forms of alternative dispute resolution. On
16 March 3, 2025, counsel for the parties discussed a potential strategy for alternative dispute
17 resolution and intend schedule a private mediation before the end of May. The parties
18 believe that a ruling on the Motion to Dismiss will allow for a more fruitful mediation, and
19 prevent any issues that may arise regarding speculation about what claims, if any, will
20 survive the Motion to Dismiss.

21       Thus, the parties stipulate and respectfully request the Court agree to extend the
22 remaining deadlines (approximately) two (2) months, as set forth below and in the attached
23 proposed Order. The extensions requested will still allow for the dispositive motions to be
24 briefed well within two years of the filing of Plaintiff's Third Amended Complaint (Doc.
25 63), which is the current operative complaint and was filed on November 8, 2024, and
26 within only about seven (7) months following the two-year anniversary of the initial

Complaint in this case.[1] And while this is technically the parties' third requested extension, it is only the second extension requested after Plaintiffs filed their Third Amended Complaint. A proposed order is filed simultaneously herewith.

| DEADLINE | CURRENT | PROPOSED |
| --- | --- | --- |
| Engage in settlement talks | March 3, 2025 | **May 30, 2025** |
| Joint report on settlement talks | March 10, 2025 | **June 6, 2025** |
| Plaintiffs' expert disclosures | March 17, 2025 | **May 16, 2025** |
| Defendants' expert disclosures | April 17, 2025 | **June 17, 2025** |
| Disclosure deadline | March 17, 2025 | **May 19, 2025** |
| Rebuttal expert disclosures | May 29, 2025 | **July 29, 2025** |
| Expert depositions | July 23, 2025 | **September 23, 2025** |
| Fact Discovery | June 23, 2025 | **August 25, 2025** |
| Discovery motions | July 31, 2025 | **September 30, 2025** |
| Dispositive motions | September 29, 2025 | **November 28, 2025** |

RESPECTFULLY SUBMITTED this 12th day of March, 2025.

BROENING OBERG WOODS & WILSON, P.C.

By /s/ *Jeremiah M. Sullivan*
Sarah L. Barnes
Jeremiah M. Sullivan

---

[1] Part of the reason for the current procedural posture with respect to this new Motion To Dismiss is that Defendants' initial Motion to Dismiss, which also sought to dismiss the entire case as set forth in the initial Complaint, was pending for almost nine (9) months, and then Plaintiffs filed a Second Amended Complaint, pursuant to that ruling, and then their Third Amended Complaint on November 8, 2024.

Kelley M. Jancaitis<br>
Jeremiah M. Sullivan<br>
*Attorney for Defendants*

MILLS + WOODS LAW, PLLC

By   */s/ Sean A. Woods (with permission)*
     Sean A. Woods
     Robert T. Mills
     *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2025, I electronically filed the foregoing with the Clerk's Office using the CM/ECF system for filing, and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Sean A. Woods<br>
Robert T. Mills<br>
MILLS + WOODS LAW, PLLC<br>
5055 North 12th Street, Suite 101<br>
Phoenix, Arizona 85014<br>
*Attorneys for Plaintiffs*

/s/ *Suzanne Beard*

- 4 -