IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kashane Kirk, *et al.*, | Case No.: CV 23-00836-MTL (CDB) |
| Plaintiffs, | **PROTECTIVE ORDER** |
| vs. | |
| City of Phoenix, *et al.*, | |
| Defendants. | |

Before the Court is the parties' Stipulation for Entry of Protective Order. The parties having stipulated that discovery in this matter will involve the disclosure of confidential information; the parties having agreed to the terms of the following protective order pursuant to Fed.R.Civ.P. 26(c); and the Court being otherwise fully advised in the premises:

IT IS HEREBY ORDERED **IT IS HEREBY ORDERED** that the production and use of documents and information produced in this matter shall proceed in accordance with the following terms:

1.　<u>Scope of Order</u>. This Stipulated Protective Order shall be applicable to and govern: all depositions (including exhibits); documents produced in response to discovery requests, formal or otherwise, or related to initial disclosures; answers to interrogatories;

responses to requests for admissions; and all other discovery taken; as well as submissions to the Court; testimony given at trial, or during a hearing; all documents, received by any party, from a healthcare provider; and other materials or information produced in this matter (the "PRODUCED" information).

This Stipulated Protective Order also shall be applicable to certain privileged information, as discussed below.

2. <u>"Confidential" Information</u>. "CONFIDENTIAL" information is information that is: (a) confidential, sensitive, competitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

3. <u>Marking of "CONFIDENTIAL" Information</u>. The designation of information as CONFIDENTIAL will be made by placing or affixing on each page of the document or other material (in a manner that will not interfere with its legibility), the word "CONFIDENTIAL." All records, received by any party, from a healthcare provider shall be treated as "CONFIDENTIAL" regardless of whether such records are affixed with a "CONFIDENTIAL" designation.

4. <u>No Marking at Inspection</u>. When files and records are produced for inspection, no marking need be made in advance of the inspection. For purposes of this initial inspection, all documents in any produced files shall be considered marked as "CONFIDENTIAL" information. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents with the appropriate confidentiality marking at the time that the copies are produced to the inspecting party.

5. <u>Deposition Testimony</u>. A deposition transcript may be designated as containing "CONFIDENTIAL" information by so notifying the other parties on the record at the time of the testimony, or by notifying the other parties in writing within thirty (30) business days after the transcript has been officially transcribed of the specific pages and lines of the transcript

that contain such information. Such written notification shall specify the designation by page and line number. In the absence of any written notice concerning the specific portions of the transcript that a party believes contains "CONFIDENTIAL" information, the transcript of the deposition testimony shall be treated as designated on the record at the time of testimony, or if no designation was made, then the transcript of testimony shall not be treated as a "CONFIDENTIAL" document under the terms of this Stipulated Protective Order.

Unless otherwise agreed to by the parties in writing or on the record, an individual not qualified to receive "CONFIDENTIAL" information shall not be in attendance at the portion of the deposition during which "CONFIDENTIAL" information is being disclosed.

6. <u>Effect of Designation</u>. The designation of information as "CONFIDENTIAL" shall constitute a representation that the attorney believes that there is a valid basis for such designation. All rights are retained regarding the inadvertent failure of a party or other person to designate a document or other material as "CONFIDENTIAL" information. The parties reserve their respective rights to argue the impact of designating or failing to designate a document or other material as "CONFIDENTIAL" information at trial.

7. <u>Limited Access to "CONFIDENTIAL" Information</u>. Except for counsel to the parties to this litigation, counsels' employees, employees of outside copy services used to make copies of "CONFIDENTIAL" information, couriers, court personnel, the jury, and court reporters, access to "CONFIDENTIAL" information shall be limited to:

a. Parties, and their officers, directors, or employees who are assisting in the preparation of, or making decisions with respect to, the conduct of this litigation;

b. Experts and consultants who are employed, retained or otherwise consulted by counsel of record for the parties for the purpose of analyzing data, conducting studies or providing opinions to assist in this litigation; and

c. Persons identified on the face of a document as authors or recipients, or persons called to testify as witnesses (either at a deposition, a hearing, or at trial) who are believed to possess information relating to the "CONFIDENTIAL" information that is deemed necessary

for the prosecution or defense of this litigation.

8. <u>Access Requirements</u>. Disclosure of "CONFIDENTIAL" information is prohibited except to the extent permitted by this Stipulated Protective Order. Any person given access to "CONFIDENTIAL" information is subject to this Stipulated Protective Order. Each such person shall be advised in advance that such "CONFIDENTIAL" information is being provided subject to the terms of this Stipulated Protective Order. Each person given access to "CONFIDENTIAL" information pursuant to paragraph 7b, above, must first agree to be subject to the provisions of the Stipulated Protective Order by signing a copy of the Acknowledgment of Stipulated Qualified Protective Order.

9. <u>Filing and Use of CONFIDENTIAL Information in Court</u>. The parties shall comply with Local Rules of Civil Procedure 5.6 when filling Confidential Information under seal. Confidential Information shall not be filed with the Court except when required in connection with matters pending before the Court. Said Confidential Information shall be kept under seal until further order of the Court; however, Confidential Information and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Order.

**Nothing in this order shall be construed as automatically permitting a party to file under seal. Before any party files any document under seal such party shall seek leave of Court and shall show "compelling reasons" (dispositive motion) or "good cause" (nondispositive motion) for filing under seal.** *See Kamakana v. City and County of Honolulu*, **447 F.3d 1172, 1179-80 (9th Cir. 2006). Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document. Further, no portion of the trial of the matter shall be conducted under seal.**

10. <u>Use of Independently Obtained or the Party's Own Information</u>. This Stipulated Protective Order shall not impose any restrictions on the use or disclosure by a party of information or material properly obtained or developed by such party independently of discovery in this matter, whether or not such information or material is also obtained through discovery in this matter.

Nothing in this Stipulated Protective Order shall impose any restrictions on the use or disclosure by a party of its own "PRODUCED" and/or "CONFIDENTIAL" information as that party deems appropriate.

11. <u>Inadvertent Failure to Designate</u>. In the event that a party or other person inadvertently fails to designate a document or other material as "CONFIDENTIAL" information, the party to whom the document or other material was produced, upon written notice, will designate and treat such document or other material as "CONFIDENTIAL" information from that point forward. The receiving party's disclosures, prior to the receipt of notice from the producing party of a new designation, of "CONFIDENTIAL" information to unauthorized parties or individuals shall not be deemed a violation of this Stipulated Protective Order.

In addition, the inadvertent failure of a party or other person to designate a document or other material as "CONFIDENTIAL" information shall not constitute, be construed as, or have the effect of, a waiver of confidentiality.

12. <u>Re-Designation of Documents Produced by Non-Parties</u>. If a non-party produces information without any confidentiality designation, a party has the right to change such designation to the extent the non-designated information at issue contains information that the party in good faith deems "CONFIDENTIAL" to that party. Any redesignation by a party will be given full effect of protection under this Stipulated Protective Order.

13. <u>Disclosure of "PRODUCED" and/or "CONFIDENTIAL" Information in Other Actions</u>. In the event that any recipient of "PRODUCED" and/or "CONFIDENTIAL" information subject to this Stipulated Protective Order is (a) subpoenaed in another action or

(b) served with a demand in another action to which such individual is a party or a witness, seeking "PRODUCED" and/or "CONFIDENTIAL" information, that person shall object to its production setting forth the existence of this Stipulated Protective Order and shall give prompt written notice of such event to counsel of record for the producing party. The producing party shall assume responsibility for preserving and prosecuting any objection to the subpoena or demand. The person served shall be obligated to cooperate to the extent reasonably necessary to preserve the confidentiality of the protected matter until ruled upon by a court of competent jurisdiction. However, nothing in this Stipulated Protective Order should be construed as requiring the party served to challenge or appeal any order requiring disclosure of "PRODUCED" and/or "CONFIDENTIAL" information, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

14. <u>Non-Waiver of Rights</u>. The parties agree that the filing and entry of this Stipulated Protective Order shall not constitute a waiver of any rights under any applicable law and/or court rules, including, but not limited to, the rights to: (1) object to any discovery request and withhold information and/or materials on the ground of attorney/client privilege, work product or otherwise; (2) object to the introduction of any "PRODUCED" and/or "CONFIDENTIAL" information as evidenced at any hearing or trial in this matter; (3) seek other and further protections as to any "PRODUCED" and/or "CONFIDENTIAL" information that may be offered or admitted as evidence at any hearing or trial in this matter; or (4) file any other motions that may be permitted by any applicable law or court rule. Nothing in this Stipulated Protective Order shall constitute an admission or waiver of any objection, claim or defense by any party.

15. <u>Modifications to Stipulated Protective Order</u>. Any party may, on motion or other request to the Court, seek a modification of this Stipulated Protective Order. By its agreement to this Stipulated Protective Order, no party shall be deemed to have waived the right to seek subsequent modifications.

16. <u>Binding Order</u>. All parties to this litigation, regardless of when such party is named or appears, and all persons receiving "CONFIDENTIAL" information produced in this litigation, shall be bound by this Stipulated Protective Order.

17. <u>Dispute Resolution</u>. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge.

In the event of a dispute with respect to the terms of this Stipulated Protective Order, including, but not limited to, the designation of documents or other material as "CONFIDENTIAL" information, the attorneys for the parties shall first consult with each other and attempt to negotiate a resolution of the dispute. If the dispute is not resolved, the parties agree to submit the dispute to the Court by way of written motion (consistent with the Court's discovery dispute resolution procedure), and to be bound by the Court's resolution of the dispute, including any further protective order that the Court may enter. The producing party shall ultimately have the burden of establishing the need for classification as "CONFIDENTIAL."

18. <u>Survival of Litigation</u>. This Stipulated Protective Order shall survive the termination of this litigation.

Dated this ___ day of _____, 2025.

_____
Judge of the District Court

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kashane Kirk, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> City of Phoenix, *et al.*, <br><br> Defendants. | Case No.: CV 23-00836-MTL (CDB) <br><br> **AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read the Stipulated Protective Order (the "Order") entered in _____ and have received a copy of the Order.

3. I promise that I will use any and all "Confidential" or "Confidential – For Counsel Only" information, as defined in the Order, given to me only in a manner authorized by the Order, and only to assist Counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential" or "Confidential – For Counsel Only" information with anyone other than the persons described in paragraphs 3, 8, and 9 of the Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the District Court of Arizona with respect to the enforcement of the Order.

6. I understand that any disclosure or use of "Confidential" or "Confidential – For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

8

7. I will return all "Confidential" or "Confidential – For Counsel Only" Materials (as defined in the Order) to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said Materials or any information contained within "Confidential" or "Confidential – For Counsel Only" Materials.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this ___ day of _____, 2025.

_____
Signature

_____
Printed Name

**APPROVED AS TO FORM AND CONTENT:**

BROENING OBERG WOODS & WILSON, P.C.

By: */s/ Jeremiah M/ Sullivan*
    Sarah L. Barnes
    Jeremiah M. Sullivan
    *Attorneys for Defendants*

MILLS + WOODS LAW, PLLC

By: */s/ Sean A. Woods (with permission)*
    Sean A. Woods
    *Attorneys for Plaintiffs*