LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 NORTH CENTRAL, 16TH FLOOR
PHOENIX, AZ 85004
(602) 271-7700
Sarah L. Barnes /Bar No. 020362
Kelley M. Jancaitis /Bar No. 025555
Jeremiah M. Sullivan /Bar No. 038569
E-mail: slb@bowwlaw.com
          kel@bowwlaw.com
          kmj@bowwlaw.com
          jms@bowwlaw.com
*Attorney for Defendants City of Phoenix,*
*Sullivan, Ladines, Garza, Roy, Makic,*
*Ravelo, Ramirez, Howard, Traylor, and*
*Reddy*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kashane Kirk, *et al.*, | Case No.: CV 23-00836-MTL (CDB) |
| Plaintiffs, | |
| vs. | **DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT** |
| City of Phoenix, *et al.*, | |
| Defendants. | |

For their Answer to Plaintiffs' Third Amended Complaint ("the Complaint") [Doc. 63], Defendants City of Phoenix (the "City"), Chief Michael Sullivan, Autumn Ladines, Officer Antonio Garza, and Sergeant Eric Roy (collectively, "Defendants"), by and through counsel undersigned, admit, deny, and generally allege as follows:

## INTRODUCTION

1.      In response to the first sentence of the Introduction to the Complaint, Defendants deny that any Defendant used unlawful, wrongful, or improper force.

2.      In response to the second sentence of the Introduction to the Complaint, Defendants deny that the Phoenix Police Department ("PPD") or the City of Phoenix ("the City") have or employ any unconstitutional practices, long-standing or otherwise.

3.    In response to the third and fourth sentences of the Introduction to the Complaint, Defendants do not have sufficient knowledge or information to form a belief about the truth of the allegations stated therein and deny them.

## JURISDICTION AND VENUE

4.    In response to ¶ 1 of the Complaint, Defendants admit that such is the stated purpose of the Complaint but deny any implication that the Complaint states a valid claim or that Defendants are liable to Plaintiffs for any such damages.

5.    In response to ¶ 2 of the Complaint, Defendants admit.

6.    In response to ¶ 3 of the Complaint, Defendants admit that Plaintiffs assert certain claims arising out of the U.S. Constitution but deny that the Complaint alleges minimum facts sufficient to maintain that claim as necessary to justify original jurisdiction in this Court pursuant to 28 U.S.C. § 1331 or supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

7.    In response to ¶ 4 of the Complaint, Defendants admit.

8.    In response to ¶ 5 of the Complaint, Defendants admit that the alleged acts and omissions occurred primarily in Maricopa County, Arizona but deny that this Court's jurisdiction is governed by Article 6, Section 14 of the Arizona Constitution.

9.    In response to ¶ 6 of the Complaint, Defendants admit.

## PARTIES

10.    In response to ¶¶ 7 through 12 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief about the truth of the allegations stated therein and deny them.

11.    In response to ¶ 13 of the Complaint, Defendants admit that the City, as a municipality, can only act through its agents and employees.

12.    In response to ¶ 14 of the Complaint, Defendants admit that Chief Sullivan ("the Chief") was the duly appointed Chief of Police, primary policymaker of the PPD, and

operated as an agent of PPD when acting in his official capacity during the relevant period.

13.     In response to ¶¶ 15 through 17 of the Complaint, Defendants admit these defendants were employed by PPD in the stated capacities and acting in the course and scope of that employment during the relevant period.

14.     In response to ¶¶ 18 through 20 of the Complaint, these Defendants were dismissed from the lawsuit, and thus, are not proper parties to this case.

15.     As to ¶ 21 of the Complaint, the allegation is not a concise and direct statement of fact. It does not require a response and Defendants offer none or, to the extent required, deny.

16.     In response to ¶ 22 of the Complaint, Defendants deny.

17.     In response to ¶¶ 23 and 24 of the Complaint, Defendants admit the named defendants were employed by PPD and acting in the course and scope of that employment during the relevant period.

18.     In response to ¶¶ 25 through 27 of the Complaint, Defendants deny.

## BACKGROUND

19.     In response to ¶ 28 of the Complaint, Defendants admit that the U.S. Department of Justice ("DOJ") opened an investigation in November 2021 but deny that a relevant pattern or practice of unconstitutional action exists within PPD and further deny any implication that that the allegation has been or will be substantiated. Defendants affirmatively allege that the investigation was closed and that the DOJ retracted any findings of constitutional violations.

20.     In response to ¶ 29 of the Complaint, Defendants deny receiving suggestions "[a]s a result of the [USDOJ] investigation," which has since closed and any findings from the investigation have since been retracted.

21.     In response to ¶¶ 30 through 33 of the Complaint, Defendants deny that PPD has or had a policy, pattern, or practice of using excessive force during the relevant period or

any other systemic operational failure and deny that Plaintiffs possess or can produce contrary evidence.

22.    In response to ¶ 34 of the Complaint, Defendants admit that PPD began revising and updating its Use of Force Policy in January 2023 and continued to solicit feedback on the revised Use of Force Policy. Defendants deny that the existence of a closed and rescinded DOJ investigation evidences a policy, pattern, or practice of "violent, racially-motivated tactics" or other systemic failure.

23.    In response to ¶ 35 of the Complaint, Defendants deny.

24.    In response to ¶ 36 of the Complaint, Defendants admit Chief Sullivan was hired as Chief of Police for PPD in September 2022 in the context of the ongoing DOJ investigation; however, that investigation has since closed and the DOJ's initial findings have been rescinded.

25.    In response to the first sentence of ¶ 37 of the Complaint, Defendants admit that one component of the DOJ's review was of PPD policies and practices is to "assess all types of use of force . . . including deadly force"; however, the investigation is closed.

26.    In response to the second sentence of ¶ 37 of the Complaint, Defendants admit that PPD is periodically subject to civil lawsuits and protest activity but deny that these circumstances evidence a policy, pattern, or practice of misconduct or other systemic failure.

27.    In response to the third sentence of ¶ 37 of the Complaint, Defendants deny.

28.    In response to ¶¶ 38 through 44 of the Complaint, Defendants note that the link Plaintiffs provide is to a document dated January 2023 and clearly marked "DRAFT" on each page. Defendants admit that the referenced January 2023 draft revised Use of Force Policy contains the provisions identified in these paragraphs. Defendants deny that a revised Use of Force Policy has been finalized and further deny that the January 2023 draft revised Use of Force Policy is the most current version. Defendant affirmatively alleges that the language contained in the draft speaks for itself.

29.    In response to ¶ 45 of the Complaint, Defendants deny.

30.    In response to ¶ 46 of the Complaint, Defendants deny. Defendants further deny that the existence of a Use of Force Policy – whatever its contents – is probative of whether the force used in a particular situation was unnecessary or wrongful, or whether any Defendant violated duties owed under state and federal law.

31.    In response to ¶ 47 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief about the truth of the allegations stated therein, which contain no geographic or other parameters, and deny them.

32.    In response to ¶ 48 of the Complaint, Defendants deny that Plaintiffs accurately report the substance and content of Chief Sullivan's observations and further denies that Chief Sullivan's focus on improvement within PPD evidences a constitutional deficiency.

33.    In response to ¶¶ 48 through 53 of the Complaint, Defendants deny that PPD has or had a policy, pattern, or practice of using excessive force during the relevant period or any other systemic operational failure and deny that Plaintiffs possess or can produce contrary evidence. Defendants admit that Chief Sullivan has implemented various programs aimed at ensuring PPD "has the gold standard in law enforcement policies" (some of which are accurately relayed in these paragraphs) but deny that his focus on improvement evidences a constitutional deficiency.

34.    In response to ¶¶ 54 through 56 of the Complaint, Defendants deny.

**USDOJ FINDINGS**

35.    In response to ¶¶ 57 through 85 of the Complaint, Defendants expressly deny the allegations contained therein. Defendants admit that the DOJ conducted an investigation and issued a report containing the DOJ's preliminary findings; however, those findings have since been retracted and the investigation was terminated.

**FACTUAL ALLEGATIONS**

36.    In response to ¶ 86 of the Complaint, Defendants admit Mr. Kirk was at a

convenience store at North 37th Avenue and McDowell in the late afternoon of November 2, 2022. Defendants do not have sufficient knowledge or information to form a belief about the truth of the remaining allegations stated therein and deny them.

37.     In response to ¶ 87 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief about the truth of the allegations stated therein and deny them.

38.     In response to ¶ 88 of the Complaint, Defendants admit Mr. Kirk was at a convenience store at North 37th Avenue and McDowell in the late afternoon of November 2, 2022.

39.     In response to ¶ 89 of the Complaint, Defendants admit Mr. Kirk can be seen interacting with multiple people outside the convenience store on surveillance camera video taken on November 2, 2023.

40.     In response to ¶¶ 90 and 91 of the Complaint, Defendants admit Mr. Gonzalez-Rios entered the convenience store on November 2, 2023. Defendants do not have sufficient knowledge or information to form a belief about the truth of the allegations stated therein and deny them.

41.     In response to ¶¶ 92 and 93 of the Complaint, Defendants admit.

42.     In response to ¶¶ 94 and 95 of the Complaint, Defendants admit Mr. Gonzalez-Rios was observed holding a gun while sitting on a motorcycle outside the convenience store. Defendants do not have sufficient knowledge or information to form a belief about the truth of the remaining allegations stated therein and deny them.

43.     In response to ¶ 96 of the Complaint, Defendants admit video surveillance depicts a person pushing what appears to be a stroller. Defendants do not have sufficient knowledge or information to form a belief about the truth of the remaining allegations stated therein and deny them.

44.     In response to ¶¶ 97 and 98 of the Complaint, Defendants admit.

6

45.     In response to ¶ 99 of the Complaint, Defendants admit that when Mr. Kirk saw Mr. Gonzalez-Rios, he ran around a parked vehicle, then drew and pointed a gun at Mr. Gonzalez-Rios.

46.     In response to ¶ 100, Defendants lack sufficient evidence to know whether the factual allegations in ¶ 100 is true, and therefore deny the same.

47.     In response to ¶ 101 of the Complaint, Defendants maintain that the allegations contained in ¶ 101 contain a statement of law, which require neither admission nor denial.

48.     Defendants lack sufficient evidence to know whether the factual allegation in ¶ 102 is true, and therefore deny the same.

49.     In response to ¶ 103 of the Complaint, Defendants admit Mr. Kirk did not have gunshot residue on his hands after the shooting incident, and that based on the information obtained after the incident, he likely did not shoot his weapon.

50.     In response to ¶ 104 of the Complaint, Defendants deny.

51.     In response to ¶ 105 of the Complaint, Defendants admit Mr. Kirk did not have gunshot residue on his hands after the shooting incident, and that based on the information obtained after the incident, he likely did not shoot his weapon.

### The Helicopter Officers

52.     In response to ¶ 106 of the Complaint, Defendants admit that a PPD air unit arrived on scene at 1612 North 37th Avenue at 4:14 p.m. on November 2, 2022.

53.     In response to ¶ 107 of the Complaint, Defendants deny that Officer Howard piloted the helicopter and deny that Sergeant Ramirez was the spotter. Defendants admit that Officer Ramirez and Sergeant Howard observed a black male later identified as Leontae Kirk exit the store on North 37th Avenue holding a gun, begin to "duck and dodge like he was involved in a shooting . . . like he was shooting or being shot at," and then walk through the parking lot waving and pointing the gun at the strip mall, before losing sight of him as the helicopter completed its orbit.

54.     In response to ¶ 108 of the Complaint, Defendants admit PPD dispatch reported an active shooter at North 37th Avenue.

55.     In response to ¶ 109 of the Complaint, Defendants admit Officer Ramirez had binoculars and could see a black male holding and waving a gun at the North 37th Avenue location. Defendants deny that Officer Ramirez had a visual line of sight for the duration of the relevant period.

56.     As to ¶¶ 110 through 120, the Court ruled that Plaintiffs failed to state a claim against Officers Howard and Ramirez, and these officers were dismissed from the lawsuit along with Officer Ravelo. Defendants admit that Officer Ramirez and Sergeant Howard observed a black male later identified as Leontae Kirk exit the store on North 37th Avenue holding a gun, begin to "duck and dodge like he was involved in a shooting . . . like he was shooting or being shot at," and then walk through the parking lot waving and pointing the gun at the strip mall, before losing sight of him as the helicopter completed its orbit. Defendants deny the remaining allegations in these paragraphs – many of which are vague and unclear as to what direct and concise fact is being alleged – and specifically deny the allegation that Officer Ramirez and Sergeant Howard, who are no longer proper parties to this lawsuit, acted wrongfully or are otherwise responsible for Plaintiffs' alleged damages.

**False and Deadly Information**

57.     As to ¶ 121 of the Complaint, this is not a concise and direct statement of fact. It does not require a response and Defendants offer none or, to the extent required, deny.

58.     In response to ¶¶ 122 through 123 of the Complaint, Defendants deny that information regarding Mr. Kirk's whereabouts and activities was received via 9-1-1 call and civilian reports and further deny the generalization that information from these sources is inherently flawed.

59.     As to ¶ 124, the statements are vague and unclear as to what concise and direct fact is being alleged and Defendants deny same.

60.     In response to ¶ 125 of the Complaint, Defendants admit a witness made this statement during the investigation that followed the shooting incident.

61.     In response to ¶¶ 126 and 127 of the Complaint, Defendants admit Mr. Kirk did not have gunshot residue on his hands after the shooting incident but deny that a witness reporting truthfully about what he or she perceived can be characterized as "one hundred percent false."

62.     In response to ¶ 128 of the Complaint, Defendants deny.

63.     As to ¶ 129 of the Complaint, this statement is vague and unclear as to what concise and direct fact is being alleged and Defendants deny same.

64.     In response to ¶¶ 130 through 132 of the Complaint, Defendants admit Mr. Kirk was observed waiving and pointing a gun in a busy strip mall parking lot. Defendants deny the remaining allegations of these paragraphs– some of which are vague and unclear as to what direct and concise fact is being alleged.

65.     In response to ¶ 133 of the Complaint, Defendants admit Mr. Kirk was observed waving and pointing a gun in a busy strip  mall parking lot. Defendants do not have sufficient knowledge or information to form a belief about the truth of the remaining allegations stated therein and deny them.

66.     In response to ¶ 134 of the Complaint, Defendants deny.

**Humberto Gonzalez-Rios**

67.     In response to ¶¶ 135 through 137 of the Complaint, Defendants deny.

68.     In response to ¶¶ 138 and 139 of the Complaint, Defendants admit Mr. Kirk is a black man who captured PPD officers' attention by waving and pointing a gun in a busy strip mall parking lot. Defendants deny the remaining allegations in these paragraphs.

69.     In response to ¶¶ 140 and 141 of the Complaint, Defendants admit this summary of Mr. Gonzalez-Rios's statements appears in the PPD incident report.

70.     In response to ¶ 142 of the Complaint, Defendants admit Mr. Gonzalez-Rios's

report of the incident, given six hours after its conclusion, is inconsistent with other evidence. Defendants do not have sufficient knowledge or information to form a belief about the truth of the remaining allegations stated therein and deny them.

71.     In response to ¶¶ 143 through 146, Defendants admit Mr. Gonzalez-Rios pulled a gun from his waistband and pointed it at the ground in Mr. Kirk's presence. Defendants do not have sufficient knowledge or information to form a belief about the truth of the remaining allegations stated therein and deny them.

72.     As to ¶ 147 of the Complaint, the statement is vague and unclear as to what concise and direct fact is being alleged and Defendants deny same.

73.     In response to ¶ 148 of the Complaint, Defendants admit Mr. Gonzalez-Rios was observed sitting on a motorcycle whose VIN number did not match its presentation.

74.     In response to ¶ 149 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief about the truth of the allegations stated therein and deny them.

75.     In response to ¶ 150 of the Complaint, Defendants admit that Mr. Gonzalez-Rios reported that Mr. Kirk shot at least one time into the air and this report, which report is inconsistent with other evidence.

76.     In response to ¶¶ 151 and 152 of the Complaint, Defendants are without sufficient information to admit or deny Plaintiffs' characterization of the facts as alleged in these paragraphs, and thus, deny the same.

77.     In response to ¶ 153 of the Complaint, Defendants admit Mr. Gonzalez-Rios left the scene of the shooting incident before law enforcement officers arrived. Defendants do not have sufficient knowledge or information to form a belief about the truth of the remaining allegations stated therein and deny them.

78.     In response to ¶ 154 of the Complaint, Defendants admit Mr. Kirk died after a shooting incident involving PPD officers. do not have sufficient knowledge or information to

form a belief about the truth of the remaining allegations stated therein and deny them.

**Officers on the Ground**

79.    As to ¶ 155 of the Complaint, the statement is vague and unclear as to what concise and direct fact is being alleged and Defendants deny same.

80.    In response to ¶¶ 156 and 157 of the Complaint, Defendants deny.

81.    In response to ¶ 158 of the Complaint, the court dismissed Plaintiffs' failure to intervene claim, and thus, ¶ 158 neither requires admission nor denial; however, to the extent a response is required, Defendants deny ¶ 158.

82.    In response to ¶ 159, Defendants maintain that the allegations contained in ¶ 159 are sufficiently vague such that they can neither admit or deny the allegations contained therein. Nonetheless, Defendants admit that at some point, Mr. Kirk ditched his firearm under a vehicle in the parking lot.

83.    In response to ¶¶ 160 through 162, the court dismissed Plaintiffs' failure to intervene claim, and thus, these paragraphs neither require admission nor denial because Officers Ravelo, Ramirez, and Howard are no longer a proper party to this lawsuit; however, to the extent a response is required, Defendants deny ¶¶ 160 through 162.

84.    In response to ¶¶ 163 through 167, Defendants maintain that the allegations contained in these paragraphs are sufficiently vague as to when the allegations occurred such that neither an admission nor denial is possible. Defendants admit that once the officers arrived at the scene, Mr. Kirk was still armed and fled on foot between two vehicles in the parking lot and was out of the officers vision for a period of time.

85.    In response to ¶ 168, Defendants admit that Officers Roy, Ladines, and Garza fired their service weapons during the incident.

**Sergeant Roy**

86.    In response to ¶ 169 of the Complaint, Defendants admit Sergeant Roy carries the rank of sergeant but deny that this rank affects the duties imposed by federal and state law.

87.    In response to ¶ 170 of the Complaint, Defendants admit Sergeant Roy fired his weapon seventeen times during the shooting incident. Defendants deny the remaining statements in this paragraph and further deny the suggestion that his rank as sergeant affects the duties imposed by federal and state law.

88.    In response to ¶ 171 of the Complaint, the statement is vague and unclear as to what concise and direct fact is being alleged and Defendants deny same.

89.    In response to ¶¶ 172-174 of the Complaint, Defendants admit that Sergeant Roy used force on prior occasions before the incident involving Mr. Kirk, however, Defendants expressly deny that these allegations are dispositive on any claim against Defendants.

90.    In response to ¶ 175 of the Complaint, Defendants admit Officer Ladines fired her weapon four times, and Officer Garza filed her weapon three times during the shooting incident. Defendants deny the remaining statements and characterizations set forth in this paragraph.

91.    In response to ¶ 176 of the Complaint, Defendants deny. The contents of the report speak for itself.

92.    In response to ¶ 177 of the Complaint, Defendants admit.

93.    In response to ¶¶ 178 and 179 of the Complaint, Defendants admit the circumstances unfolded quickly and in a manner that warranted immediate response but deny Plaintiffs' characterization of the facts depicted in the video footage, and deny that Defendants' actions related to the shooting incident were unreasonable, unconstitutional, or otherwise subject them to liability for Plaintiffs' alleged damages.

94.    In response to ¶¶ 180 through 184, Defendants admit civilians were entering and exiting the convenience store and strip mall parking lot throughout the shooting incident.

95.    In response to ¶ 185 of the Complaint, Defendants admit this summary of Sergeant Roy's observations and recollection appears in the PPD incident report.

96.     As to ¶ 186 of the Complaint, the statements are vague and unclear as to what concise and direct fact is being alleged and Defendants deny same.

97.     In response to ¶¶ 187 through 189 of Complaint, Defendants deny Plaintiffs' characterization of the facts depicted in the video footage.

98.     In response to ¶ 190 of the Complaint, Defendants deny that any defendant had a duty and/or reasonable opportunity to intervene or prevent the shooting incident.

99.     In response to ¶¶ 191 and 192 of the Complaint, Defendants admit the circumstances unfolded quickly and in a manner that warranted immediate response but deny Plaintiffs' subjective characterization of the events, deny that any defendant had a duty and/or reasonable opportunity to intervene or prevent the shooting incident, and deny that Defendants' actions related to the shooting incident were unreasonable, unconstitutional, or otherwise subject them to liability for Plaintiffs' alleged damages.

100.    As to ¶ 193 of the Complaint, the statements are vague and unclear as to what concise and direct fact is being alleged and Defendants deny same.

101.    In response to ¶ 194 of the Complaint, Defendants admit that after the shooting Officer Ladines observed a 13-year-old girl in the back passenger area of a nearby Dodge pick-up truck.

102.    In response to ¶¶ 195 through 197 of the Complaint, Defendants admit a witness, Diana Flores Ochoa, observed the shooting incident from inside a Dodge Ram pickup truck parked in the strip mall parking lot and that Ms. Flores Ochoa saw a person run out of the convenience store. Defendants deny the remaining allegations in these paragraphs.

103.    In response to ¶¶ 198 through 200 of the Complaint, Defendants admit the circumstances unfolded quickly and in a manner that warranted immediate response and admit PPD identified 11 possible bullet holes in vehicles and buildings around the location of the shooting incident. Defendants deny that all were caused by bullets and further deny any bullet holes are causally related to the shooting incident. Defendants deny the remaining statements

in these paragraphs and specifically deny that Defendants' actions related to the shooting incident were unreasonable, unconstitutional, or otherwise subject them to liability for Plaintiffs' alleged damages.

104.    In response to ¶ 201 of the Complaint, Defendants admit the circumstances unfolded quickly and in a manner that warranted immediate response. Defendants deny the remaining allegations in this paragraph and specifically deny that Defendants' actions related to the shooting incident were unreasonable, unconstitutional, or otherwise subject them to liability for Plaintiffs' alleged damages.

### Officer Ladines

105.    In response to ¶¶ 202 through 208 of the Complaint, Defendants admit Ladines reported these experiences and observations during an interview after the shooting incident but deny Plaintiff's subjective characterization of the video footage.

106.    As to ¶ 209 of the Complaint, the statements are vague and unclear as to what concise and direct fact is being alleged and Defendants deny same.

107.    In response to ¶ 210 of the Complaint, Defendants admit this summary of Officer Ravelo's observations and recollection appears in the PPD incident report.

108.    In response to ¶ 174 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief about the truth of the allegations stated therein.

109.    As to ¶¶ 212 and 213 of the Complaint, Defendants deny.

110.    In response to ¶¶ 214 and 215 of the Complaint, Defendants deny.

111.    In response to ¶¶ 216 and 217 of the Complaint, Defendants admit this summary of Officer Ladines's observations and recollection appears in the PPD incident report.

112.    In response to ¶ 218 of the Complaint, Defendants admit Officer Ladines reported that she believed she told the subject to response.

113.    In response to ¶ 219 of the Complaint, Defendants deny Plaintiffs' characterization of the facts depicted in video footage.

114.    In response to ¶ 220 of the Complaint, Defendants admit Officer Ladines reported shooting approximately five rounds in Mr. Kirk's direction during the shooting incident.

115.    In response to ¶ 221 of the Complaint, Defendants deny.

116.    In response to ¶¶ 222 and 223 of the Complaint, Defendants admit.

117.    In response to ¶ 224 of the Complaint, Defendants deny.

118.    In response to ¶¶ 225 through 227 of the Complaint, Defendants admit certain officers gave commands to Mr. Kirk and that when he did not comply Officer Ladines fired one non-lethal round to test for compliance. Defendants deny the remaining allegations of this paragraph.

119.    In response to ¶¶ 228 through 230 of the Complaint, Defendants deny.

120.    In response to ¶ 231 of the Complaint, Defendants admit.

121.    As to ¶ 232 of the Complaint, Defendants deny.

122.    In response to ¶¶ 233 and 234 of the Complaint, Defendants deny.

123.    In response to ¶ 235 of the Complaint, Defendants admit.

124.    In response to ¶ 236 of the Complaint, Defendants admit that after the shooting Officer Ladines observed a girl who appeared about 13 years old in the back passenger area of a nearby Dodge pick-up truck.

125.    In response to ¶ 237 of the Complaint, Defendants admit Officer Ladines stated she fired her weapon at Mr. Kirk because she believed he was actively firing a weapon, in public and at an occupied structure and she thought it was necessary to protect civilians and other offices. Defendants deny the remaining allegations of this paragraph.

126.    In response to ¶ 238 of the Complaint, Defendants admit.

**Officer Ravelo**

127.    In response to ¶ 239 of the Complaint, Defendants admit this summary of Officer Ravelo's observations and recollection appears in the PPD incident report.

128.    In response to ¶ 240 of the Complaint, Defendants admit that all people have choices but deny that Defendants' actions related to the shooting incident were unreasonable, unconstitutional, or otherwise subject them to liability for Plaintiffs' alleged damages.

129.    In response to ¶¶ 241 through 242 of the Complaint, Defendants admit this summary of Officer Ravelo's observations and recollection appears in the PPD incident report.

130.    In response to ¶¶ 243 through 251 of the Complaint, the Court dismissed Officer Ravelo from this lawsuit, and thus, Officer Ravelo is no longer a proper party to this litigation, and thus, to the extent the allegations contained in these paragraphs are against Officer Ravelo, neither admission nor denial is required. To the extent a response is required, Defendants admit Officer Ladines fired her service weapon as vaguely alleged in ¶ 247. Defendants deny the remaining allegations in ¶¶ 243 through 251.

131.    In response to ¶ 250 of the Complaint, Defendants deny that any defendant had a duty and/or reasonable opportunity to intervene or prevent the shooting incident.

132.    In response to ¶ 251 of the Complaint, Defendants deny.

## Officer Garza

133.    In response to ¶¶ 252 through 255 of the Complaint, Defendants admit this summary of Officer Garza's observations and recollection appears in the PPD incident report, except that Defendants are without sufficient information to admit or deny whether Leontae ever fired a bullet, and thus, Defendants deny the same.

134.    In response to ¶ 256 of the Complaint, Defendants deny.

135.    In response to ¶ 257 of the Complaint, Defendants admit this summary of Officer Garza's observations and recollection appears in the PPD incident report.

136.    In response to ¶ 258 of the Complaint, Defendants admit that all people have choices but deny that Defendants' actions related to the shooting incident were unreasonable, unconstitutional, or otherwise subject them to liability for Plaintiffs' alleged damages.

137.    In response to ¶ 259 of the Complaint, Defendants admit that Officer Garza had a scope on his weapon but deny that the intent or purpose of the scope is to "view" a suspect.

138.    In response to ¶ 260 of the Complaint, Defendants deny.

139.    In response to ¶¶ 261 and 262 of the Complaint, Defendants admit.

140.    In response to ¶ 263 of the Complaint, Defendants admit the circumstances unfolded quickly and in a manner that warranted immediate response and admit Mr. Kirk died after the shooting incident involving PPD officers, but deny that Defendants' actions related to the shooting incident were unreasonable, unconstitutional, or otherwise subject them to liability for Plaintiffs' alleged damages.

**Autopsies and Weapons Used**

141.    In response to ¶¶ 264 and 265 of the Complaint, Defendants admit this statement appears in the PPD incident report.

142.    In response to ¶ 266 of the Complaint, Defendants admit that a private autopsy report was prepared, and maintain that the findings contained in any autopsy report speak for itself.

143.    In response to ¶¶ 267 of the Complaint, Defendants admit.

144.    In response to ¶ 268 of the Complaint, Defendants are without sufficient information to admit or deny the allegations contained in ¶ 268, and thus, deny the same.

145.    In response to ¶¶ 269 and 270 of the Complaint, Defendants admit.

146.    In response to ¶¶ 271 through 277 of the Complaint, Defendants admit this information is contained in the PPD incident report.

**The Aftermath**

147.    In response to ¶ 278 of the Complaint, Defendants admit that Officers Roy, Garza, and Ladines remained employed by PPD after the incident. Defendants deny the remaining statements in this paragraph and specifically deny that Defendants' actions related to the shooting incident were unreasonable, unconstitutional, or otherwise subject them to

liability for Plaintiffs' alleged damages.

148.    In response to ¶ 279 of the Complaint, Defendants maintain that any records regarding disciplinary leave, which are already in Plaintiffs' possession, speak for themselves.

149.    In response to ¶¶ 280 and 281 of the Complaint, Defendants deny.

150.    In response to ¶ 282 of the Complaint, Defendants admit the circumstances unfolded quickly and in a manner that warranted immediate response and that certain officers gave commands to Mr. Kirk after the shooting incident. Defendants deny the remaining statements in this paragraph.

151.    In response to ¶ 283 of the Complaint, Defendants deny.

152.    In response to ¶¶ 284 through 286 of the Complaint, Defendants admit PPD officers remained concern with the location of Mr. Kirk's weapon. Defendants deny the remaining statements in these paragraphs.

153.    In response to ¶ 287 of the Complaint, Defendants admit that certain officers gave commands to Mr. Kirk after the shooting incident. Defendants do not have knowledge or information to form a belief about the truth of the remaining allegations stated therein and deny them.

154.    In response to ¶ 288 of the Complaint, Defendants admit Ladines made statements that were captured on her body cam footage consistent with those alleged in this paragraph.

155.    In response to ¶ 289 of the Complaint, Defendants admit these statements are captured on video footage. Defendants do not have knowledge or information to form a belief about the truth of the remaining allegations stated therein and deny them.

156.    In response to ¶ 290 of the Complaint, Defendants admit.

157.    In response to ¶¶ 291 and 292 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief about the truth of the allegations stated therein, which contain no temporal or other parameters, and deny them.

158.    In response to ¶ 293 of the Complaint, Defendants deny.

159.    In response to ¶¶ 294 through 305 of the Complaint, Defendants admit that an investigation report was issued to Chief Sullivan on or around December 4, 2023, and that the that the report speaks for itself. Defendants deny any allegations, especially any conclusory statements or speculative allegations, related to the contents of the report that are not supported by the report.

160.    In response to ¶ 306 of the Complaint, Defendants deny.

161.    In response to ¶ 307 of the Complaint, Defendants admit that Officers Roy, Ladines, and Garza remained employed after the incident. The remaining allegations are sufficiently vague such that Defendants cannot adequately respond to those allegations, and thus, Defendants deny.

162.    In response to Paragraph 308 of the Complaint, Defendants deny.

## COUNT I

## WRONGFUL DEATH AND SURVIVAL ACTION PURSUANT TO A.R.S. § 12-611, et seq. and A.R.S. § 14-3110

### (*City, Sullivan*)

163.    In response to ¶ 309 of the Complaint, Defendants incorporate the admissions, denials, objections, and explanations in the foregoing paragraphs as though fully set forth herein.

164.    As to ¶¶ 310 and 311 of the Complaint, the allegations are not a concise and direct statement of fact. They do not require a response and Defendants offer none or, to the extent required, deny.

165.    In response to ¶¶ 312 and 313 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief about the truth of the allegations stated therein, which contain no temporal parameters, and deny them. Defendants recognize that Sharon Roberts may have standing to pursue the claim alleged in Count I.

166.    In response to ¶ 314 of the Complaint, Defendants deny. Moreover, Defendants maintain that the failure to intervene claim was dismissed.

167.    In response to ¶ 315 of the Complaint, Defendants admit the PPD offers were employed by PPD and acting in the course and scope of that employment during the relevant period but deny that Defendants' actions related to the shooting incident were unreasonable, unconstitutional, or otherwise subject them to liability for Plaintiffs' alleged damages.

168.    In response to ¶¶ 316 through 318 of the Complaint, Defendants deny.

## COUNT II

## EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983

### ( *Ladines, Garza, and Roy*)

169.    In response to ¶ 319 of the Complaint, Defendants incorporate the admissions, denials, objections, and explanations in the foregoing paragraphs as though fully set forth herein.

170.    As to ¶ 320 of the Complaint, the allegation is not a concise and direct statement of fact. It does not require a response and Defendants offer none or, to the extent required, deny.

171.    In response to ¶¶ 321 through 330 of the Complaint, Defendants deny.

## COUNT III

## EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983 – *Monell* – POLICY, CUSTOM, PATTERN, AND PRACTICE

### (*City; Sullivan*)

172.    In response to ¶ 331 of the Complaint, Defendants incorporate the admissions, denials, objections, and explanations in the foregoing paragraphs as though fully set forth herein.

173.     As to ¶ 332 of the Complaint, the allegation is not a concise and direct statement of fact. It does not require a response and Defendants offer none or, to the extent required, deny.

174.     In response to ¶¶ 333 through 353 of the Complaint, Defendants deny. Defendants affirmatively maintain that many of the allegations contained in these paragraphs are conclusory, speculative, argumentative, and unsupported conjecture. Defendants further maintain that Plaintiffs attempt to maintain this claim based on the DOJ investigation is improper since that investigation was terminated and the DOJ's findings have since been rescinded.

## COUNT IV

## DUTY AND FAILURE TO INTERVENE

### (*Phoenix Defendants*)

175.     In response to ¶ 354 of the Complaint, Defendants incorporate the admissions, denials, objections, and explanations in the foregoing paragraphs as though fully set forth herein.

176.     As to ¶¶ 355 and 359 of the Complaint, this claim has since been dismissed, and thus, no further response is necessary.

## COUNT V

## NEGLIGENCE AND GROSS NEGLIGENCE

### (*City*)

177.     In response to ¶ 360 of the Complaint, Defendants incorporate the admissions, denials, objections, and explanations in the foregoing paragraphs as though fully set forth herein.

178.     As to ¶ 361 Complaint, the allegations are not a concise and direct statement of fact. They do not require a response and Defendants offer none or, to the extent required, deny.

179.    In response to ¶¶ 362 through 364 of the Complaint, Defendants deny.

180.    In response to ¶ 365 of the Complaint, Defendants admit the PPD offers were employed by PPD and acting in the course and scope of that employment during the relevant period but deny that Defendants' actions related to the shooting incident were unreasonable, unconstitutional, or otherwise subject them to liability for Plaintiffs' alleged damages.

181.    In response to ¶¶ 366 through 369 of the Complaint, Defendants deny.

182.    In response to ¶ 370 of the Complaint, Defendants admit.

183.    In response to ¶ 371 of the Complaint, Defendants maintain that the existence of a duty is a legal determination, and thus, Defendants can neither admit nor deny ¶ 371. Defendants maintain that to the extent any duty applied to them under Arizona law, they complied with that duty.

184.    In response to ¶¶ 372 and 373 of the Complaint, Defendants deny.

185.    In response to ¶ 374, Defendants are presently unaware of how much time passed from when Mr. Kirk was shot to when he received medical attention; however, this information is likely available in the body cam footage.

186.    In response to ¶ 375, Defendants maintain that the allegations contained in this paragraph are argumentative, conclusory, and sufficiently vague such that neither an admission nor denial is possible. To the extent a response is required, Defendants deny ¶ 375.

187.    In response to ¶ 376, Defendants admit a 40mm non-lethal weapon was shot at Mr. Kirk.

188.    In response to ¶ 377, Defendants maintain that the allegations contained in this paragraph are argumentative, speculative, and sufficiently vague such that neither a response nor a denial is possible. To the extent a response is required, Defendants deny ¶ 377.

189.    In response to ¶¶ 378 through 381 of the Complaint, Defendants deny.

/ / /

## COUNT VI

## NEGLIGENT HIRING, SUPERVISION, RETENTION, AND/OR TRAINING

### (*Sullivan, City*)

190.   In response to ¶ 382 of the Complaint, Defendants incorporate the admissions, denials, objections, and explanations in the foregoing paragraphs as though fully set forth herein.

191.   As to ¶ 383 of the Complaint, the allegation is not a concise and direct statement of fact. It does not require a response and Defendants offer none or, to the extent required, deny.

192.   In response to ¶ 384 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief about the truth of the allegations stated therein, which contain no temporal or other parameters, and deny them.

193.   In response to ¶ 385 of the Complaint, Defendants admit the DOJ opened an investigation in November 2021 but deny that the investigation has or will reveal any misconduct in PPD's hiring and training processes.

194.   In response to ¶¶ 386 and 387 of the Complaint, Defendants deny.

195.   In response to ¶ 388 of the Complaint, Defendants admit PPD officers are trained to perform their essential functions.

196.   In response to ¶ 389 of the Complaint, Defendants do not have sufficient knowledge or information to form a belief about the truth of the allegations stated therein, which contain no temporal or other parameters, and deny them.

197.   In response to ¶ 390 of the Complaint, Defendants deny.

198.   In response to ¶¶ 391 and 392 of the Complaint, Defendants deny receiving suggestions "[a]s a result of the USDOJ investigation," which is still ongoing. Defendants further deny the remaining allegations of these paragraphs.

199.   In response to ¶ 393 of the Complaint, Defendants deny that Plaintiffs

accurately report the substance and content of Chief Sullivan's observations and further denies that Chief Sullivan's focus on improvement within PPD evidences liability for Plaintiff's alleged damages.

200.    In response to ¶ 394 of the Complaint, Defendants deny.

## **DEMAND FOR JURY TRIAL**

Defendants hereby demand a jury trial on all triable issues.

## **GENERAL DENIAL & AFFIRMATIVE DEFENSES**

201.    Defendants deny each and every other allegation of the Complaint not specifically admitted herein, and deny that Plaintiffs are entitled to punitive damages, attorneys' fees or any of the other relief sought in their Complaint and prayer for relief.

202.    As affirmative defenses to the claims set forth in the Complaint, Defendants allege as follows:

      a.     Failure to state a claim upon which relief may be granted;

      b.     Statute of limitations;

      c.     Comparative fault;

      d.     Absolute immunity;

      e.     Qualified immunity;

      f.     Common law immunity;

      g.     Reasonable suspicion/probable cause;

      h.     Justification pursuant to Arizona statutory law;

      i.     No policy, custom, or practice existed;

      j.     Even if a policy, custom, or practice existed, it was not the moving force behind any alleged constitutional violation;

      k.     Plaintiffs' alleged injuries were not caused by any alleged policy, custom, practice;

l.    Immunity from punitive damages under state and/or federal law;

m.    Failure to mitigate damages;

n.    Any allegation related to the DOJ investigation should be stricken from the record because the investigation was terminated and the DOJ's preliminary findings were rescinded;

o.    Plaintiffs' damages are not reasonable, certain, or foreseeable; and,

p.    Estoppel.

Defendants further reserve the right to assert such further affirmative defenses as may be supported by matters discovered hereafter.

WHEREFORE, Defendants respectfully request the Court dismiss Plaintiffs' Complaint in its entirety and award Defendants their costs incurred and any other relief just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 30th day of July, 2025.

BROENING OBERG WOODS & WILSON, P.C.


By */s/ Jeremiah M. Sullivan*
Sarah L. Barnes
Kelley M. Jancaitis
Jeremiah M. Sullivan
*Attorney for Defendants City of Phoenix,*
*Sullivan, Ladines, Garza, Roy, Makic, Ravelo,*
*Ramirez, Howard, Traylor, and Reddy*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2025, I electronically transmitted the foregoing with the Clerk of the Court using the CM/ECF system for filing, with copies submitted electronically to the following recipients:

Sean A. Woods
Robert T. Mills
MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
*Attorneys for Plaintiffs*

*/s/ Suzanne Beard*